SIMPSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 16, 1911.)

No. 3,393.

**1. PUBLIC LANDS (§ 19*)—UNLAWFUL INCLOSURE—INDICTMENT.**

Where an indictment charged that defendant unlawfully, etc., maintained and controlled an inclosure of the public lands of the United States situated, etc., and that such inclosure consisted of posts and wire fences, it sufficiently alleged that the lands described were surrounded by posts and wire fences, and was not demurrable for failure to charge that the fences were connected with natural barriers, so as to surround the land, etc.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 19.*]

**2. INDICTMENT AND INFORMATION (§ 121*)—INCLOSING PUBLIC LANDS—BILL OF PARTICULARS.**

An indictment charged defendant with unlawfully inclosing certain public lands, and alleged that the inclosure consisted of posts and wire fences, that defendant in maintaining and controlling the fences and inclosure had no claim or color of title to any of the lands made or acquired in good faith, or any asserted right thereto ·by or under claim made in good faith with a view to entry thereon, etc. *Held,* that the court did not err in refusing to require the government to furnish a bill of particulars alleging whether the alleged posts and wire fences completely surrounded the lands described, and, if not, where and what were the particular fences to which the allegation related, and who owned the same, and also stating the acts or relations of the defendant contemplated and deemed offensive by the allegation that he maintained and controlled the alleged inclosure of public lands.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320; Dec. Dig. § 121;* Criminal Law, Cent. Dig. § 1378.]

**3. CRIMINAL LAW (§ 1166½*)—WRIT OF ERROR—PREJUDICE.**

Where the record failed to show that any objectionable juror was selected over defendant's challenge for cause, or that he exhausted his peremptory challenges, error, if any, in excusing two jurors on the government's challenge for cause was not prejudicial to accused, under the federal rule that it is only when the record discloses that an impartial jury may not have been selected, either by the exhaustion of the parties' peremptory challenges and the selection of a juror over his legal objection, or by some other equally cogent evidence that a fatal error in the selection of the jury is presented to an appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3114–3125; Dec. Dig. § 1166½.*]

**4. CRIMINAL LAW (§ 901*)—WAIVER AND CORRECTION OF ERROR—MOTION FOR VERDICT.**

Introduction of evidence by accused in his own behalf is a waiver of previous motions for an instructed verdict.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2124; Dec. Dig. § 901.*]

**5. CRIMINAL LAW (§ 1044*)—SUFFICIENCY OF EVIDENCE—REVIEW—MOTION FOR DIRECTED VERDICT—NECESSITY.**

A request for a directed verdict at the close of all the evidence is essential to authorize a review of the sufficiency of the evidence to sustain a conviction on a writ of error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2672–2675; Dec. Dig. § 1044.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. **PUBLIC LANDS (§ 19\*)—UNLAWFUL INCLOSURE—OFFENSES—EVIDENCE.**

In a prosecution for wrongfully inclosing public lands, in violation of Act Feb. 25, 1885, c. 149, 23 Stat. 321 (U. S. Comp. St. 1901, p. 1524), evidence that it had been the custom of the Land Department, before commencing prosecution for such offense, to notify the parties to remove their inclosures, but that no notice had been given to accused before the prosecution was commenced, was properly excluded; the failure of the Land Department to give such notice constituting no defense.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 19.\*]

7. **CRIMINAL LAW (§ 379\*)—EVIDENCE—CHARACTER.**

Where a witness had testified that he was acquainted with the reputation of accused as a law-abiding, law-obeying, and law-observing man, and that his reputation as such was good, a further question as to whether, if anything derogatory had been said of defendant, the witness would likely have heard of it, was immaterial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 843, 844; Dec. Dig. § 379.\*]

8. **PUBLIC LANDS (§ 19\*) — UNLAWFUL INCLOSURE — JOINING TO LAWFUL FENCES.**

The maintaining of an inclosure of public lands by joining defendant's fences with lawful fences belonging to other parties, thereby intentionally effecting an inclosure of public lands, constitutes a violation of Act Feb. 25, 1885, c. 149, 23 Stat. 321 (U. S. Comp. St. 1901, p. 1524), prohibiting the illegal inclosure of such lands.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 19.\*]

In Error to the District Court of the United States for the Western District of Oklahoma.

Frank Simpson was convicted of unlawful occupancy of public lands, and he brings error. Affirmed.

Charles M. Thacker (H. M. Thacker, on the brief), for plaintiff in error.

George F. Zimmerman, Asst. U. S. Atty. (John Embry, U. S. Atty. and Isaac D. Taylor, Asst. U. S. Atty., on the brief), for the United States.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. The plaintiff in error was indicted, tried, convicted, and sentenced upon the first count in the indictment, in the United States District Court for the Western District of the state of Oklahoma, for violating the provisions of Act Feb. 25, 1885, c. 149, 23 Stat. 321 (U. S. Comp. St. 1901, p. 1524), being an act to prevent unlawful occupancy of the public lands.

The first count in the indictment charged that the defendant did wrongfully, unlawfully, willfully, and knowingly maintain and control an inclosure of the public lands of the United States, situate in the counties of Beckham and Greer, in said district. Said lands were described in the said count of the indictment by governmental subdivisions. The count further alleged that said inclosure so maintained and controlled consisted of posts and wire fences; that the said defendant, in maintaining and controlling said fences and inclosure, had no claim or color of title to any of said lands made or acquired in good

faith, or asserted right thereto by or under claim made in good faith with a view to entry thereon at the proper land office of the United States in said district under the general laws of the United States.

As defendant was not convicted upon the second count, it does not require consideration.

A demurrer to the first count was overruled, which ruling is assigned as error. It is insisted that the demurrer should have been sustained—

"because it is not alleged in the indictment that posts and wire fences surrounded the lands, nor that they connected with natural barriers so as to thereby surround the lands, nor that there were any openings which plaintiff in error rendered, or attempted to render, ineffectual as ways of ingress or egress, so that his acts in this regard, in connection with the posts and wire fences and other barriers, if any, surrounded the lands with effective obstacles to ingress and egress."

The demurrer was properly overruled. The count in the indictment charged the defendant with maintaining and controlling an inclosure of the public lands therein described; said inclosure so maintained and controlled by him consisting and being composed of posts and wire fences. We think the charge that it was an inclosure was a sufficient allegation that the lands therein described were surrounded by posts and wire fences.

Defendant, after the overruling of the demurrer, filed a motion for a bill of particulars in the following respects:

"So that he may know and be informed: (a) Whether the alleged posts and wire fences completely surrounded the lands therein described; and, if not, where and what are the particular fences to which said allegation relates, and who owns same? (b) What are the acts or relations of the defendant contemplated and deemed offensive by the allegation that he did maintain and control the alleged inclosure of public lands?"

We think the defendant was sufficiently advised in these respects by the charge in the indictment against him, and the court did not err in overruling the motion for a bill of particulars.

During the selection of the jurors, after they had been examined by counsel, two jurors voluntarily informed the court that they themselves had inclosed public lands; that they had not been interrogated on that subject, and they thought they should advise the court of the fact before their selection. They were thereupon more fully interrogated by the parties and by the court; each juror, however, stating that he did not think such fact would in any respect influence his verdict. They were each, however, challenged by the prosecution for cause, and the challenge sustained, to which the defendant excepted. The record discloses the fact that the jury was subsequently selected and sworn that tried the case; but it fails to show that any objectionable juror was selected over the defendant's challenge for cause, or that he exhausted his peremptory challenges. Under the practice in the federal courts it is only when the record discloses the fact that an impartial jury may not have been selected, either by the exhaustion of a party's peremptory challenges and the selection of a juror over his legal objection, or by some other equally cogent evidence, that a fatal error in the selection of the jury is presented to an appellate court. Northern Pac. R. R. Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed.

755; Marande v. T. & P. Ry. Co., 59 C. C. A. 562, 124 Fed. 42; Thompson on Trials, § 120.

At the close of the opening statement of the case to the jury by counsel for the government, and again at the close of the introduction of evidence by the government, defendant requested the court to direct a verdict for the defendant, each of which motions were overruled. Such rulings are assigned as error. The record shows that subsequently the defendant proceeded with the trial and introduced evidence in his own behalf. This was a waiver of the previous motions for an instructed verdict. Chicago & St. P. & K. C. Ry. Co. v. Chambers, 15 C. C. A. 327, 68 Fed. 148; Ins. Co. v. Frederick, 7 C. C. A. 122, 58 Fed. 144; Hughes County v. Livingston, 43 C. C. A. 541, 104 Fed. 306; Barnard v. Randle, 49 C. C. A. 177, 110 Fed. 906.

The principal error relied upon and chiefly discussed is the insufficiency of the evidence to support the verdict of the jury. We cannot review the sufficiency of the evidence, for the reason that this court can only review errors of law committed by the trial court, and no request for an instructed verdict was made after all of the evidence had been introduced. To enable this court to review the sufficiency of the evidence in an action at law, the complaining party must, after all the evidence has been introduced, request the trial court to direct a verdict. The refusal of the trial court to grant such request presents a ruling the correctness of which may be reviewed in the appellate court. In the absence of such request, no action of the trial court in that respect is presented. Drexel v. True, 20 C. C. A. 265, 74 Fed. 12; Pac. Mut. Life Ins. Co. v. Snowden, 7 C. C. A. 264, 58 Fed. 342; Hansen v. Boyd, 161 U. S. 397, 16 Sup. Ct. 571, 40 L. Ed. 746.

Complaint is made that the court excluded evidence, sought to be elicited on cross-examination of witnesses for the government, to the effect that there had been a custom in the Land Department, before commencing prosecution, to notify parties who had inclosed government lands to remove the inclosure, and that, in this case, the defendant had not been notified. Such custom, if one existed, was no defense. The statute creating the offense of inclosing the public lands makes no provision for notice to the accused before the offense becomes completed, and the defendant was not entitled to receive any such notice.

The defendant called a witness in his own behalf, who testified that he had been personally acquainted with the defendant for some 10 years; that he knew the defendant's general reputation in the community in which he had resided as to being a law-abiding, law-obeying, and law-observing man; and that his reputation in those respects was good. The witness was further asked this question:

"In the position in which you have been, and with the acquaintance and association which you have had, if there had ever been any derogatory statement or accusation against him, any acts of violating any law, or being disposed to violate any law, do you think you would have most likely heard of it?"

This question was objected to, and the objection sustained. The witness having previously testified positively that he was acquainted with the defendant's reputation in those respects, and that it was good, that was all the defendant was entitled to. The opinion of the witness as

to whether or not, if anything derogatory had been said of the defendant, he would likely have heard of it, was immaterial.

Exceptions were taken to certain portions of the instructions of the court relative to defendant being guilty if he maintained an inclosure, although a portion of the fences surrounding such inclosure did not belong to and were not under the control of defendant. The court instructed the jury in substance that, if the defendant maintained an inclosure of the public lands by joining his fences with lawful fences belonging to other parties, and thereby intentionally effected the inclosure of public lands, such inclosure would nevertheless be unlawful. The instructions were in harmony with the law as announced in Thomas v. United States, 69 C. C. A. 157, 136 Fed. 159, wherein the Court of Appeals said:

"But if it were true that any portion of the fence forming the inclosure were the fence of another, the appellant could not justify himself, nor avoid the penalty of the statute, if, by joining his fences to said fence so constructed, he availed himself of it to make a complete inclosure. Whether he took advantage of a portion of an existing fence, or a natural barrier impassable for cattle, if he constructed his surrounding fence with reference thereto, he is undoubtedly guilty of making and maintaining an inclosure in violation of the law."

Such we think is a correct statement of the law, and the instructions of the trial court were proper.

We have examined each of the 25 assignments of error, and find in them nothing showing that the defendant did not have a fair and impartial trial; and the judgment is affirmed..