HALE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 10, 1917.)

No. 4780.

1. CRIMINAL LAW ⟨⟩901—ERROR—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW.

A contention that the evidence was insufficient to support the conviction cannot be disposed of on writ of error, where, after motion for directed verdict at the close of the evidence, the case was reopened, and

defendant allowed to introduce additional testimony, and no subsequent motion was made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2124.]

2. CRIMINAL LAW ⬦1159(2)—APPEAL—REVIEW—EVIDENCE.

Where there was substantial evidence to sustain the conviction, the appellate court cannot pass upon its weight and sufficiency to sustain the conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3075.]

3. CRIMINAL LAW ⬦586, 1151—CONTINUANCE—APPLICATION.

An application for a continuance is addressed to the sound discretion of the trial court, whose determination will not be disturbed, unless clearly erroneous.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1311, 3045–3049.]

4. CRIMINAL LAW ⬦596(3)—CONTINUANCE—DENIAL.

Accused and another were jointly indicted for the offense of having possession of counterfeit national bank notes, with knowledge of their spurious character and with intent to pass the same. When the case came on for trial, the government dismissed as to accused's codefendant. Thereafter a jury was impaneled, the indictment read, and defendant's plea stated to the jury, when the cause was adjourned until the following day. On the following day, accused applied for a continuance to investigate the character of his codefendant, who testified for the prosecution. *Held*, that there was no abuse of discretion in denying the continuance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1330.]

5. CRIMINAL LAW ⬦596(3)—TRIAL—CONTINUANCE.

The granting of a continuance, to enable accused to investigate the credibility of a witness, rests in the discretion of the trial court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1330.]

6. CRIMINAL LAW ⬦596(3)—TRIAL—CONTINUANCE.

Where accused's counsel frankly admitted that he was by no means sure of discovering anything against the credibility of a government witness, the denial of accused's application for a continuance, to investigate such witness' credibility, was not an abuse of discretion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1330.]

7. CRIMINAL LAW ⬦1119(4)—APPEAL—TRANSCRIPT.

The impropriety of remarks made by the district attorney cannot be reviewed on appeal, where they were not preserved in the transcript.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2929.]

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Earl Hale was convicted of having a counterfeit national bank note in possession, with knowledge of its spurious character and with intent to pass the same, and he brings error. Affirmed.

Victor A. Sniggs, of Oklahoma City, Okl. (McQuire & Devereux, of Tulsa, Okl., and Moman Pruiett, of Oklahoma City, Okl., on the brief), for plaintiff in error.

Herbert M. Peck, Asst. U. S. Atty., of Oklahoma City, Okl. (John A. Fain, U. S. Atty., of Lawton, Okl., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. Error from conviction for having counterfeit national bank note in possession, with knowledge of its spurious character and with intent to pass the same.

The indictment was drawn against this plaintiff in error and one John Doe (Robert E. Winters). It contained other counts not involved in this writ. The assignments of error may be grouped as follows: Insufficiency of evidence to sustain the verdict and judgment; refusal to grant continuance when, at the opening of the case, there was dismissal as to the codefendant, Winters; case not delayed overnight to permit investigation of credibility of witness Hammond, introduced in rebuttal by the government; improper conduct of counsel in stating before jury during the testimony that he would show that the defendant, when arrested, had in his possession a leaden dollar, and in stating during the argument that the assessment of the penalty was for the judge.

[1, 2] The error mainly insisted upon in brief and argument was the insufficiency of the evidence. This insistence cannot prevail for two reasons: First, it cannot be considered by the court, because not properly raised by a motion for directed verdict after all the evidence. It is true that such a motion was made at the close of the evidence, just before argument; but during the argument the case was reopened, and plaintiff in error permitted to introduce the testimony of a new witness. Thereafter the motion was not renewed. Simpson v. U. S., 184 Fed. 817, 107 C. C. A. 89 (8th Circuit). Second, it is not the province of this court to pass upon the weight or sufficiency of the evidence, but solely upon the presence of any substantial evidence to sustain the verdict. A careful reading of the entire evidence shows substantial evidence upon which to base the verdict. Therefore, irrespective of the proper preservation of this point, it could not be allowed.

[3, 4] Objection is made that the court should have granted a continuance when the government dismissed as to the other defendant, Winters, who afterwards testified as a witness for the United States. It is said that plaintiff in error might have obtained testimony to affect his credibility or might have ascertained a defense to his testimony. This case came on for trial May 2d. At once the government dismissed as to John Doe (R. E. Winters). Thereafter a jury was impaneled, the indictment read, and defendant's plea stated to the jury, counsel for each side stated his case to the jury, and, the hour of adjournment having arrived, the court recessed until the next day. Upon resumption of the case next day, the application for continuance was presented and denied. Waiving any question of the delay in presenting this application, there was no error in refusing it. Applications for continuances address themselves to the sound judicial discretion of the trial court. The appellate court can never have mirrored to it the exact situation in the trial court. It is therefore cautious in substituting its own discretion, and will not do so unless it appears clearly that the trial court has erred. No such abuse of discretion is found here.

[5, 6] Error is claimed because in rebuttal the government placed on the stand a witness, Hammond, and the court refused to hold the

case until the following morning to permit investigation of this witness. Counsel for plaintiff in error frankly stated:

"I do think that your honor ought to give me until to-morrow morning. I may not find a thing on earth that can do this court or jury any good."

At the evening session, during the argument by the government, the case was reopened to enable plaintiff in error to put on a witness in an endeavor to impeach Hammond. What has just been said regarding the discretion of the trial court applies to this objection. We find no error in refusing the delay.

[7] Error is urged in the conduct of counsel for the government in statements made during the testimony that possession of a leaden dollar by plaintiff in error at the time of his arrest would be shown. During the examination by the government of the witness Mulkey, a deputy United States marshal who aided in the arrest, occurred the following:

"Q. What did you find in that search of the defendant? A. Oh, I don't remember what all I did find. I found some money—I found a piece of money on him that I have in my possession.

"Defendant objects: This is six months after the alleged offense in this case; irrelevant, incompetent, immaterial, too remote, and has no bearing on this transaction.

"By the Court: The question will be stricken out, and given no attention by the jury, or any remarks made about it."

This is the entire content of the record. The last portion of the quoted ruling makes it evident that remarks were made by the district attorney regarding this matter. But no such remarks are preserved in the bill of exceptions. This court can act only upon the transcript brought here. This also applies to the suggested error concerning alleged prejudicial statements in course of argument, no part of which is preserved in the transcript.

The judgment is affirmed.