## PROSSER et al. v. UNITED STATES (two cases).

(Circuit Court of Appeals, Eighth Circuit.   March 15, 1920.)

### Nos. 5317, 5318.

1. **Criminal law ⬤⟿753 (2)—Failure to renew motion for directed verdict at close of evidence waives objection.**

    Where a motion for directed verdict, made by defendant at the close of the evidence for the prosecution, is overruled, and is not renewed at the close of the case, the objection is waived.

2. **Criminal law ⬤⟿419, 420 (10)—Testimony of third persons competent to prove oral contract.**

    Testimony of third persons, who were present and heard an oral contract made, is not hearsay, but competent to prove the contract and its terms.

3. **Indians ⬤⟿35—Automobile transporting liquor into former Indian Territory forfeitable.**

    Act March 2, 1917, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4141a), providing for forfeiture of automobiles or other vehicles used in introducing or attempting to introduce intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, applies to that part of Oklahoma which was formerly the Indian Territory and within the prohibition of Act March 1, 1895, § 8 (Comp. St. § 4136b).

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Criminal prosecution by the United States against John Prosser and another, and also information for forfeiture of automobiles. Judgment of conviction and for forfeiture, and defendants bring error.   Reversed.

J. V. Bourland, of Ft. Smith, Ark., for plaintiffs in error.

Emon O. Mahoney, U. S. Atty., and J. Seab Holt, Asst. U. S. Atty., both of Ft. Smith, Ark.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.   An indictment was found against the two defendants, Prosser and Hampton, charging a conspiracy to commit an offense against the laws of the United States, by carrying intoxicating liquor from Missouri through Arkansas and into that part of Oklahoma which was formerly Indian Territory, and alleging overt acts to accomplish the conspiracy by driving automobiles loaded with such liquor from Missouri into Arkansas. The defendants were convicted, and have prosecuted the writ of error from the judgment in case No. 5317.   An information was also filed against the automobiles and liquor, which were seized by the United States marshal, and an order was made forfeiting the property and ordering it sold.   The writ of error in case No. 5318 challenges the proceedings in that case.   The evidence given upon the trial of the conspiracy charge was the only evidence submitted to the court on the hearing of the suit for forfeiture.

The proofs showed that the defendants, each driving an automobile, were traveling on a road in Arkansas leading to the town of Siloam Springs, which is a few miles east of the state line between Arkansas and Oklahoma. A deputy sheriff of the county pursued them in another automobile. The defendants, just before reaching Siloam Springs, went westerly on a road at the north boundaries of the town. The deputy sheriff drove into Siloam Springs and took into his car another police officer, and they drove northeast and overtook the defendants about 2½ miles from the town. They had stopped to make inquiries of the way from two boys. They knew that officers had been pursuing them. They were a mile and a quarter from the Oklahoma state line. The officers placed them under arrest, and they were taken with the automobiles and the liquor to Siloam Springs.

[1] In the conspiracy case but four errors are assigned. It is alleged that the court erred in overruling the request of the defendants for an instructed verdict in their favor. This motion was made at the close of the introduction of testimony in chief on the part of the government, and was not renewed when all the testimony in the case had been presented. The objection was therefore waived. Burton v. United States, 142 Fed. 57, 73 C. C. A. 243; Simpson v. United States, 184 Fed. 817, 107 C. C. A. 89.

A second error alleged is the overruling of the defendants' objections to the testimony of the deputy sheriff that he had arrested one of the defendants a few weeks before this occurrence, when he was transporting intoxicating liquor in an automobile. No exception was taken to any ruling of the court relating to this testimony.

Another error alleged is to the reception of rebuttal evidence, but the record shows no objection made to its admission.

[2] The remaining assignment of error challenges the exclusion of evidence offered by the defendants. The theory of the government's case was that the defendants, acting together, intended to transport the liquor into the former Indian Territory portion of Oklahoma. Although the defendants had not yet entered that state, reliance was placed on circumstances and statements that the prosecution claimed as indicative of such a plan. As a part of the defense, one of the defendants testified in some detail that the liquor was procured in Arkansas and was being taken to another point in that state. He testified to a verbal contract they had made in Tulsa, Okl., with a man named Sullivan, to transport the liquor between these two Arkansas points, and that this journey was in execution of that contract. The defendants then attempted to show by two other witnesses that they were present at Tulsa and heard this contract made, and that its terms were as the defendant had testified. The testimony was excluded as hearsay, on the objection of the prosecution, on the theory that only the parties making the contract could testify to its existence and terms. The testimony was not hearsay, but was direct evidence of the existence of the contract by one who heard it made, and whose testimony was equally admissible

with that of the parties to the contract. 1 Wig. on Ev. § 657; 4 Chamb. on Ev. § 2595.

[3] The exclusion of this testimony requires a reversal of the judgment in both cases, as the defendants were entitled to the consideration of this competent and material evidence in each case. By requests for declarations of law the defendants in the forfeiture sought a construction of the Act of Congress of March 2, 1917, 39 Stat. 969, 970 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4141a), which reads as follows:

"Provided, that automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, whether used by the owner thereof or other person, shall be subject to the seizure, libel, and forfeiture provided in section 2140 of the Revised Statutes of the United States"

—so that it would not apply to an introduction or to an attempt to introduce intoxicants into the part of Oklahoma which was formerly the Indian Territory, unless the introduction or attempted introduction was into the Indian country. The contrary is stated in prior decisions of this court as far as the introduction of liquors is concerned. Ford v. United States, 260 Fed. 657, —— C. C. A. ——; Commercial Investment Trust Co. v. United States, 261 Fed. 330, —— C. C. A. ——.

The act of March 2, 1917, quoted above, couples together and equally penalizes the introducing or attempting to introduce intoxicants, where the introduction is prohibited by federal statute, and a federal statute (section 8 of the Act of Congress of March 1, 1895, 28 Stat. 693, Comp. Stats. § 4136b) provides punishment for any one "who shall carry, or in any manner have carried into said [Indian] territory any such liquors." No error was committed by the refusal of the requested declarations of law.

Because of the error in the exclusion of evidence, the cases are each reversed and remanded.