CLACK *v.* STATE.

4506                                           212 S. W. 2d 20

Opinion delivered June 14, 1948.

C. R. Huie and John H. Wright, for appellant.

Guy E. Williams, Attorney General, and Oscar E. Ellis, Assistant Attorney General, for appellee.

SMITH, J. Two informations were filed against appellant, each charging him with the commission of the crime of carnal abuse, and by consent they were tried together. In one information, it was charged that appellant carnally knew one Linnie Sue Dixon, a female under the age of sixteen years, and in the other it was charged that he carnally knew one Clara Jean Clack, a female under that age. These girls are the daughters of Bertha Perry and appellant admitted that Clara Jean was his illegitimate daughter, but he was not the father of Linnie Sue.

All the parties lived in Arkadelphia, and Bertha went from there to the State of Washington. She left both of her children in appellant's home and it was during her absence in Washington that the crimes were committed according to the testimony of the girls. Appellant was found guilty under both informations and given the minimum sentence in each case.

The State's case depended upon the testimony of the two girls, and there was no corroboration of their testimony, except that each girl corroborated the other. However, as they were not accomplices, no corroboration of their testimony was required to sustain the convictions. Bond v. State, 63 Ark. 504, 39 S. W. 554, 58 Am. St. Rep. 129; Waterman v. State, 202 Ark. 934, 154 S. W. 2d 813. Doctors testified that neither girl was a virgin.

The sufficiency of the testimony is not questioned, except that it is argued that their testimony is improb-

able and unreasonable, but the truth thereof was of course a question for the jury. The cause was submitted under instructions of which no complaint is made.

After the submission of the case to the jury the record recites:

"Thereupon, the jury, after hearing the instructions of the court, and the argument of counsel for both the State and the defendant, retired to consider of its verdicts, and subsequently reported to the court that the jury was deadlocked, and the court upon questioning the jury as to how they stood numerically, asked if there was anything in the evidence or the instructions of the court about which they disagreed, and informed the jury that the evidence could be read to them or the instructions read, which inquiry elicited the following question from a member of the jury: 'Q. The jury would like to know how the sheriff found out about these cases?'

(At this juncture of the case, the court conferred with counsel for the State and counsel for the defendant, and after consulting with them, made the following remarks to the jury—the reporter's record does not reflect the statements in the conference, but at request of the attorney for the defendant, Mr. Wright, the remarks of the court to the jury were taken—Steno's note.)

By the Court: "Gentlemen, we will tell you how it happened. The attorneys have agreed that here is the way it got to the sheriff. The girl reported it to the pastor of the church. Now, that is in evidence. This is in addition—in the way of an additional report. The pastor wrote a letter to the girl's mother in Washington. The girl's mother went to the Welfare Department in the State of Washington. The Welfare Department in Washington wrote to the Welfare Department here, and the Welfare Department here reported it to the sheriff.

By Mr. Wright: "Save our exceptions.

"The jury, thereupon retired to consider of its verdict, and subsequently returned into court the verdicts as shown by the transcript of the clerk of the Clark Circuit Court, to which this record is attached."

As appears from the language just quoted, the record does not reflect just what occurred during the conference between court and counsel, but only the result thereof. The statement of the court to the jury reflected the result of the conference, and it is not questioned that the court accurately stated that result, nor does it appear that counsel for appellant objected to the statement being made, or that he asked the court to withdraw it, although it does appear that after it had been made an exception was saved.

The instruction was not proper, and should not have been given as it offends against § 23 of Art. VII of the constitution, which provides that, "Judges shall not charge juries with regard to matters of fact, but shall declare the law." The reversal of the judgment would therefore be required except for the fact that it appears that the instruction was given with the consent of both the prosecuting attorney and counsel for appellant, and no request was made that it be withdrawn.

The instruction was given to answer the inquiry of the jury and its truth is not questioned, nor was objection made when it was given, nor was it asked that it be withdrawn. One cannot consent that the court, during the progress of the trial, take some action, and then complain of that action in the absence of any showing that consent had been given under some misapprehension or without attempting to withdraw the consent. *Rose* v. *State,* 122 Ark. 509, 184 S. W. 60; *King* v. *State,* 165 Ark. 613, 262 S. W. 336; *Ellis* v. *State,* 172 Ark. 613, 290 S. W. 59. Appellant is, therefore, in no position to complain of an error into which he led the court, or permitted the court to make without objection. There was no objection but only an exception.

The case of *Hinson* v. *State,* 133 Ark. 149, 201 S. W. 811, is cited and relied upon for the reversal of the judgment, but there are material differences which distinguish the two cases. In the Hinson case the trial judge, without the knowledge of defendant's counsel, entered the jury room after the jury had failed to agree, and told the jury what his recollection of the testimony was

as to the age of the girl alleged to have been carnally known, although he told the jurors that they should not be influenced by his recollection. Here, everything complained of occurred in the presence of appellant's counsel, and the court told the jury only what counsel had agreed the testimony was upon the point about which the jury had made inquiry. In view of the consent given and the failure to object or to ask the withdrawal of the instruction, appellant may not be heard to complain of this error.

As no error appears, the judgments must be affirmed and it is so ordered.