## WADLINGTON *v.* STATE.

4596                                            227 S. W. 2d 940

Opinion delivered March 20, 1950.

*Stein & Stein,* for appellant.

*Ike Murry,* Attorney General and *Robert Downie,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. By information Ernest Wadlington was charged with carnally knowing a girl under the age of sixteen years.[1] Ark. Stat's, §

41-3406. He has appealed from a two-year penitentiary sentence.

Wadlington is 24 years of age, married, and the father of two children. The prosecuting witness had been staying with her grandmother. She was in the tenth grade at high school, but would occasionally work at "The Tower," serving food and drinks to patrons who parked in automobiles.

Appellant admits that he had been patronizing drinking places the night of April 8-9, and that he took the girl in his car and drove to a point of seclusion. But he says this was done after a cousin he intended to meet at a road intersection had mysteriously absented himself. So, said the witness, he started out to overtake this cousin, who was also in a car. Appellant testified that when his companion asked why the car was stopped he told her that he was tired, and leaned his head on the steering wheel; "then she punched me and said we had better go home. I then put my arm around her and kissed her, and she said she would get even with me for not taking her home. She again asked me to take her home, and I said, 'o. k., we'll go in a minute'. I was pretty drowsy, so laid my head back on the steering wheel. She got mad and said if I wasn't going to take her home she would walk, and she got out and started. When I tried to get her back in the jeep she started running and fell down. . . ."

The girl testified that her purpose in getting into the car was to show "Ernest" the way to Goodwin's Store, but Ernest turned aside, drove down a hill, and stopped. When he got "fresh" she slapped him, then jumped out of the car and started running. Appellant caught her, used vile language, and finally committed rape.

Sheriff O. E. Bishop and Deputy Prosecuting Attorney J. H. Wharton testified that at a time when appellant thought he was charged with rape only he admitted having sexual intercourse with the prosecutrix.

___

[1] The prosecuting witness was born July 8, 1934. The crime occurred April 9, 1949, when she was 14 years and nine months old.

Appellant argues, first, that his conviction on the uncorroborated testimony of the accuser should not be permitted to stand. One answer is that his conviction did not rest on that testimony alone. The jury had a right to consider what the Sheriff and Mr. Wharton testified to regarding the defendant's admissions—testimony brought into the record without objection.

The second contention is that the Court erred in sustaining an objection by the Prosecuting Attorney. On cross-examination the prosecutrix had testified that she did not accuse Wadlington until her mother "found out about it", although she had mentioned it to Jack—a deaf and dumb boy with whom she was keeping company.

Question: "And [Jack] went to the Sheriff's office?" A. "No, he went to the Police station". Q. "And you appeared before the Grand Jury?" [Mr. Crumpler, the Prosecuting Attorney: "Objection". The Court: "That is not proper". Mr. Stein, the defendant's counsel: "Save our exceptions"].

Appellant now insists that his purpose was to show that the girl had made contradictory statements, hence credibility was involved, and the testimony was competent. The record does not show this purpose. There was no amplification. Assuming (but *only* assuming) for appellant's purpose that the ruling was erroneous, how can it be said that a yes or no answer to the question, "And you appeared before the Grand Jury?" would have been prejudicial?

Affirmed.