REEVES *v.* STATE.

4729                                             257 S. W. 2d 278

Opinion delivered April 27, 1953.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. The appellant was charged with, and convicted of, the crime of carnal abuse (§ 41-3406 Ark. Stats.). The motion for new trial contains seven assignments, which we group and discuss:

I. *Sufficiency of the Evidence.* Assignments 1, 2, and 3 present this issue. The age of the girl was shown to be 13 years, and a physician testified as to a physical examination of her. Appellant's signed confession was introduced as to the crime charged. The girl was called as a defense witness, and admitted the crime had been committed by the appellant. The evidence is sufficient to sustain the verdict. See *Wadlington* v. *State,* 216 Ark. 914, 227 S. W. 2d 940; and *Clack* v. *State,* 213 Ark. 652, 212 S. W. 2d 20.

II. *Instructed Verdict.* In Assignment No. 6, the appellant complains of the refusal of the Court to give an Instructed Verdict at the close of the State's case. The appellant did not stand on his motion: instead, he

offered evidence which, with the other evidence, was sufficient to sustain the conviction, as we stated in Topic I.

Our cases hold that when the defendant offers evidence after the refusal of such a motion, then the sufficiency of the evidence is determined by all of the evidence, and not merely that portion which has been presented when the motion was denied. *Grooms* v. *Neff,* 79 Ark. 401, 96 S. W. 135; *Ft. Smith Cotton Oil Co.* v. *Swift & Co.,* 197 Ark. 594, 124 S. W. 2d 1; *Rice* v. *Moudy,* 217 Ark. 816, 233 S. W. 2d 378. While the cited cases are civil cases, the same rule applies in criminal cases. See *Robins* v. *U. S.,* 8th Circuit, 262 Fed. 126; and see also Annotation in 17 A. L. R. 925, where cases from many jurisdictions are cited to sustain the statement:

"In jurisdictions where it is held to be the duty of the court, in a proper case, to direct an acquittal, it is the general rule that, if the entire evidence is sufficient to sustain a conviction, the introduction of evidence by the defense, after the court has refused to direct a verdict of acquittal at the close of the prosecution's case, amounts to a waiver of the motion to direct."

III. *Instructions.* In Assignments 4 and 5, appellant complains of the refusal of the Court to give his requested instructions Nos. 1 and 2; and in assignment No. 7, appellant complains of the action of the Court in giving instruction No. 7. Our study discloses that instruction No. 7 covers the same matter as the refused instructions. There was no error in the Court's rulings regarding any of these instructions.

Affirmed.