SMITH *v*. STATE.

4865

300 S. W. 2d 596

Opinion delivered April 8, 1957.

*John F. Gibson,* for appellant.

*Bruce Bennett,* Atty. General; *Thorp Thomas,* Asst. Atty. General, for appellee.

J. SEABORN HOLT, Associate Justice. A jury on August 28, 1956, found appellant guilty of the crime of carnal abuse, and fixed his punishment at a term of one year in the state penitentiary. From the judgment is this appeal.

For reversal appellant first questions the sufficiency of the evidence. The charge against appellant, by information, was filed March 8, 1956—and based on § 41-3406 Ark. Stats. 1947, which provides: "Carnal abuse—Penalty.—Every person convicted of carnally knowing, or abusing unlawfully, any female person un-

der the age of sixteen (16) years, shall be imprisoned in the penitentiary for a period of not less than one (1) year nor more than twenty-one (21) years.'' We hold that the evidence was ample to support the verdict.

The girl involved testified that she became 16 years of age June 3, 1956, and that she had intercourse with appellant October 5, 1955, at Watson, Arkansas, when she was 15, and became pregnant as a result of this intercourse. The father of the girl testified that she was born June 3, 1940, and was 16 on June 3, 1956. Appellant admitted that he had had intercourse with this girl seven or eight times over a period of some two or three months. Although the testimony of the girl, as to intercourse with appellant, is corroborated by him, corroboration is not necessary if her testimony was believed, since she was not an accomplice. See *Clack* v. *State*, 213 Ark. 652, 212 S. W. 2d 20.

Appellant's contention that the court, at the close of the State's case, erred in refusing his request to direct a verdict of not guilty, is wholly without merit. Where the evidence, as here, was sufficient to sustain a conviction, refusal to direct a verdict of not guilty was not error. See *Graham and Seaman* v. *State,* 197 Ark. 50, 121 S. W. 2d 892.

Finally appellant stoutly argues that: ''The court erred in overruling defendant's objections in permitting the prosecuting witness and her father to testify as to her age, when the father admitted that he had her birth certificate at his home, and the court did not require the father to produce the birth certificate.'' We do not agree. As indicated, the girl testified that she had had intercourse with appellant on October 5, 1955, and that she was not 16 until June 3, 1956. Appellant objected to this testimony on the ground that her birth certificate, which her father had testified he had at home, was the best evidence. In *Tugg* v. *State,* 206 Ark. 161, 174 S. W. 2d 374, a similar situation was presented, and the same contention made there as here, and we there said: ''It is insisted that there was not sufficient proof

as to the girl's age, which should have been shown by her birth certificate, or by the records of the Bureau of Vital Statistics. These records would have been competent to prove the girl's age; but the testimony offered on that subject was also competent. The girl's mother testified as to the age of her daughter; and this was competent testimony. It was objected that it was error to permit the girl herself to testify as to her age; but not so. In Wharton's Criminal Evidence, 11th Ed., Vol. 1, § 470, it is said that the general rule, from which there seems to be but little dissent, recognizes the competency of a witness to give testimony as to his or her own age . . ."

Other assignments of alleged errors have been considered by us, and are without merit. Affirmed.