WALKER *v.* STATE

5188                                        399 S. W. 2d 672

Opinion delivered March 7, 1966

[Rehearing denied March 28, 1966.]

Bon McCourtney, Claude B. Brinton and Joe F. Atkins, Jr., for appellant.

Bruce Bennett, Attorney General; Fletcher Jackson, Asst. Atty. General, for appellee.

OSRO COBB, Justice. Appellant was tried and convicted of the offense of grand larceny and now on appeal urges the following points for reversal:

Point 1: Insufficiency of the evidence and inadmissibility of some of the evidence.

Point 2: Proof made as to other convictions.

Point 3: Refusal of the trial court to permit witness Kenneth Anglin to testify for appellant after appellant had rested his defense.

Point 1: Insufficiency of the evidence and inadmissibility of some of the evidence.

Within a period of approximately two hours from the time of the report of this crime, appellant was intercepted in his truck by officers who were given permission by appellant to search his truck, and they found ten guns and a radio-record player which were subsequently identified as part of the items stolen. The large quantity of arrowheads that had been stolen along with the guns was not found in appellant's truck. However, after appellant was released on bond, he went to Campbell, Missouri, where he represented himself as Billy Wilson to a Dr. W. A. McGuire, to whom he sold approximately 2,000 arrowheads for the sum of $250. The check in payment for the arrowheads was offered in evidence as State's Exhibit No. 20 and was endorsed "Billy Wilson" and then "Billy Walker." Dr. McGuire appeared

and personally testified at this trial and identified appellant. Appellant testified in his own behalf and admitted the sale of the arrowheads, although contending that they belonged to him. He offered no explanation as to his false representation to Dr. McGuire as to his true name.

Appellant at all times insisted upon his innocence of the crime; that he had purchased the guns and the radio-record player for $50 from a man named Kerby Jamison at Bob King's place, a night club, about seven or eight miles north of Swifton. When appellant testified, he denied that he had asked any of his friends and acquaintances to state to the officers engaged in the investigation that they knew Kerby Jamison. On rebuttal, witnesses Bobby Kinder and Delon Sullivan testified that appellant came to them and tried to get them to agree to tell Sgt. Kenneth Bean that they knew Kerby Jamison, when in truth neither witness knew such a party. There was evidence in the case that the stolen guns alone were worth several hundred dollars, as compared to the $50 appellant claimed he paid for same and the radio-record player. The evidence also developed that appellant had at one time actually lived in the building where the offense was committed and was therefore fully familiar with same and the locality in general.

Appellant was observed at an auction in Walnut Ridge around 7:00 p.m. on the night of the crime when Bobby McKnight, the victim, and his wife arrived and appellant spoke to them. Appellant left the auction shortly thereafter, knowing that McKnight and his wife were both away from their home and place of business.

The evidence in this case was sufficient in every respect to make a case for the jury against appellant, and the trial court properly overruled appellant's motion for a directed verdict because of the insufficiency of the evidence.

Appellant complains that the rebuttal testimony of witsess Kinder and Sullivan was improperly received.

This testimony directly contradicted appellant's testimony as to a fact and not as to his reputation and was proper in every respect as rebuttal evidence. Furthermore, appellant failed to preserve his motion for a directed verdict by renewing same at the conclusion of all the evidence in the case. There is ample authority that such a failure amounts to a waiver. See *Reeves* v. *State*, 222 Ark. 77, 257 S. W. 2d 278; *Prosser* v. *United States*, 265 Fed. 252 (8th Cir. 1920).

*Point 2: Proof made as to other convictions.*

Counsel for appellant, on direct examination of appellant, elicited that he had been previously convicted of a felony. On cross-examination, appellant admitted that he had suffered not one but two previous felony convictions. In its case in chief, the State offered no proof whatever relating to any prior conviction of appellant. Moreover, the court in its Instruction No. 15, to which no objection of any kind was interposed by appellant's counsel, clearly limited admissions of appellant as to such prior convictions to his credibility as a witness. Appellant was fortunate, indeed, in that the State had not charged, in its original information against him, the previous convictions. Had that been done, the penalty upon conviction of appellant in this case could have been substantially increased. Ark. Stat. Ann. § 8-43-2328 (Repl. 1964).

Appellant invites our attention to *Henson* v. *State*, 393 S. W. 2d 856. In that case, the defendant was on trial for the offense of rape and the State produced two young women, other than the main prosecuting witness, who testified that on entirely different occasions from the one involved in the case on trial they had been raped by the defendant. This was not proof of previous convictions but related only to accusations by the witnesses and was highly improper and constituted reversible error. In this case the testimony as to previous convictions of appellant came directly from appellant's own admissions after he voluntarily took the stand.

Appellant invites our attention to *Miller* v. *State,* 239 Ark. 836, 394 S. W. 2d 601. In this case the defendants did not testify and the court, over the objection of counsel for the defendants, gave an instruction as to the privilege of defendants to testify or to decline to testify. The prosecuting attorney argued the instruction to the jury, forcefully calling to the attention of the jury the failure of the defendants to testify. This also was clear reversible error, and we so held. We see no application of our holding in *Miller* v. *State* to the facts in this case.

Contentions of appellant as to the evidence concerning his previous felony convictions are without merit.

*Point 3: Refusal of the trial court to permit witness Kenneth Anglin to testify for appellant after appellant had rested his defense.*

The first witness called by the defense was a man by the name of Larry Buchanan, who testified that he was at Bob King's night club between 10:00 and 11:00 p.m. on the night that appellant was arrested and was outside the place talking to appellant when a guy unknown to him came up and asked appellant if he wanted to buy some stuff and appellant said, "I will buy anything, let me see it." (Tr. 65). According to Buchanan, they went to a car which contained several guns and after some negotiations appellant bought the guns at $5 apiece. When asked about the record player that had been stolen, Buchanan stated that he did not know anything about it. The witness further testified that the transactions were made in the dark with the help of a flashlight. Buchanan identified no other persons by name who were present at the time of the negotiations about the guns.

Appellant testified that, in addition to Buchanan, two of his friends, Carl Wilson and Kenneth Anglin, were with him at Bob King's night club, and that Wilson was in Kansas City on the date of the trial and

Anglin in St. Louis with a broken-down truck. Anglin was under subpoena to testify as a witness for the appellant.

At 4:20 p.m. on the day of the trial, the defense rested its case without any qualifications or reservations. The court re-convened at 9:00 a.m. the following morning, and counsel for appellant stated that witness Anglin had arrived and was in court and was ready to testify, and asked the court to re-open the case and permit the witness to testify. It was represented to the court that Anglin would testify that he was present on the night of March 27, 1965, when appellant purchased nine guns and a record player and that he actually helped unload the guns and place them in the pickup truck of appellant, at which motion the court responded as follows:

"Let the record show that at approximately 4:20 p.m. October 5, 1965, both sides, the State and the Defendant, announced without reservation that their respective sides had rested, or such announcements came in proper turn or in due course at or before said time, and it was announced to the jury and to the attorneys that the evidence having been concluded and in view of the lateness of the hour or time, the jury would report back at 9:00 a.m. this October 6, 1965, when Instructions would be commenced and arguments of counsel had and the case finally submitted to the jury, and at this time the Court overrules the Defendant's Motion to re-open the testimony."

Under the circumstances of this case, the motion to re-open the case addressed itself to the sound discretion of the trial court, and the action of the court in such a matter will not be disturbed unless there is a clear abuse of discretion. *Kesterson* v. *State,* 190 Ark. 518, 79 S. W. 2d 430. *Moss* v. *Adams,* 32 Ark. 562. The testimony of witness Anglin, had he been permitted to testify as outlined by statement of counsel, would have been cumula-

tive to what appellant and witness Buchanan had already related to the jury. A trial court has the discretion during the progress of the trial to limit the number of witnesses whose evidence is cumulative, even though the case involves a capital offense. *McGarrah* v. *State,* 217 Ark. 186, 229 S. W. 2d 665. We conclude that the trial court did not clearly abuse its discretion in refusing to re-open the case is order to permit the witness Anglin to testify.

Having found all of appellant's contentions to be without merit, the judgment of the trial court is affirmed.