Donald Lewis CURTIS *v.* STATE of Arkansas

CR 82-153                                648 S.W.2d 487

Supreme Court of Arkansas
Opinion delivered April 11, 1983

*Thomas G. Montgomery,* Crittenden County Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was charged with the aggravated robbery of two jewelry store employees in West Memphis, with the rape of one of the

employees by forcibly engaging in deviate sexual activity with her, and with being an habitual criminal. The jury found the appellant guilty of aggravated robbery and imposed a sentence of life imprisonment. The jury also found the appellant not guilty of rape but guilty of the lesser included offense of sexual abuse in the first degree (described as sexual misconduct on the verdict form) and imposed a six-year sentence. For reversal the appellant complains first of the trial judge's refusal to call the jury back from its deliberations to consider additional evidence and, second, of the error in one of the verdict forms. Our jurisdiction is under Rule 29 (1) (b).

The robbery occurred at about 9:45 a.m. on May 13, 1982. The appellant was arrested eleven days later. He did not testify at the trial, but he called as alibi witnesses his sister, with whom he was living at the time of the robbery, and three other residents of Shearerville, which is a few miles from the scene of the robbery. These witnesses each testified that they saw the appellant for a few minutes in the neighborhood at the time of the robbery. Two other witnesses from Forrest City testified that they saw him there later in the day.

Several of these witnesses had given statements to the police, but none of them had been able to pinpoint May 13 as the day of the robbery. At trial, however, most of them, in saying they had seen the accused on May 13, fixed that date because Jesse Mathis, the boyfriend of another sister of the appellant, had driven his mother to Cleveland, Ohio, on the night of May 13 to attend the funeral of Jesse's uncle on May 14. They professed to remember that the robbery was on the 13th because the funeral was the next day.

After the jury had retired defense counsel produced a bulletin from the church in Cleveland, announcing that the funeral was to be on May 14. Counsel stated that he had not known about the bulletin until a defense witness handed it to him just before the jury retired. The trial judge denied counsel's request that the jury be recalled so that the bulletin might be introduced in evidence.

No prejudicial error appears. The appellant concedes that the recalling of the jury for additional evidence is discretionary with the trial judge. *Powell* v. *State*, 270 Ark. 236, 605 S.W.2d 2 (1980). Here there was clearly no abuse of discretion. To begin with, the date of the funeral was hardly relevant, because the witnesses, some of whom saw the appellant every day, gave no particular reason for associating their supposed brief encounter with the appellant on May 13 with the funeral the next day. They might equally well have selected some other contemporary occurrence and associated it with the day of the robbery. Second, the date of the funeral had already been fixed by several witnesses and was undisputed; so the bulletin would have been merely cumulative and hence not a basis for reopening the case. *Walker* v. *State*, 240 Ark. 441, 399 S.W.2d 672 (1966); and see *Smith* v. *State*, 162 Ark. 458, 258 S.W. 349 (1942), a case quite similar to this one. Indeed, to have recalled the jury would have over-emphasized the importance of the church bulletin. Third, there is no showing of diligence; for if counsel thought the date of the funeral to be important, conclusive evidence of the date could easily have been obtained before the trial, perhaps by stipulation.

On the second point, the court correctly instructed the jury that the charge of rape included the lesser offense of sexual abuse in the first degree, which was then defined; but the verdict form for the included offense referred to it as sexual misconduct. In returning the verdict of guilty, the foreman signed that form. In the second stage of the bifurcated trial the verdict form correctly referred to the offense as sexual abuse in the first degree, and the foreman signed that form.

We think it beyond question that the jury was not misled. Sexual misconduct is an offense newly created by the Criminal Code and not one familiar to the average juror. Ark. Stat. Ann. § 41-1807 (Repl. 1977). It involves sexual intercourse with a person less than sixteen years old — facts not pertinent to this case in any way. More important, the reference to sexual misconduct was read aloud by the trial judge in submitting the first verdict form, but counsel made no objection. We have stated in two fairly recent cases that an

error in the verdict form cannot be raised on appeal if the point was not presented to the trial court. *Ply* v. *State*, 270 Ark. 554, 560, 606 S.W.2d 556 (1980); *Goodwin* v. *State*, 263 Ark. 856, 861, 568 S.W.2d 3 (1978). Too, we do not reverse for a minor irregularity that could have been easily remedied upon proper objection. *Ark. State Highway Commn.* v. *Newton*, 253 Ark. 903, 489 S.W.2d 804 (1973).

We find no error in any of the other objections brought to our attention.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I do not understand by what process or under what authority the majority upgrades the jury verdict from a class B misdemeanor to a class D felony. The jury was provided with three forms for their verdict. The three forms related to aggravated robbery, rape, and sexual misconduct. The jury acquitted appellant on the charge of rape but found him guilty of aggravated robbery and sexual misconduct. It was not the appellant who submitted the wrong form to the jury. The jury had no right to sentence him for a crime for which he was not convicted. The sentence is of no importance in this case because the appellant was sentenced to life on the aggravated robbery conviction. However, the precedent established is of great potential harm. I think we should reduce the second penalty to the one appropriate for the crime for which he was convicted.