## BOYKIN vs. THE STATE.

1. LARCENY: *Evidence—Possession of stolen property.*
   Possession of property recently stolen, unexplained, is evidence of guilt to go to a jury for their consideration. In this sense, it is *prima facie* evidence; but not in the sense that it is such evidence as must compel the jury to convict unless it be rebutted.

   The presumption that the person in whose possession stolen property is found, is the thief, is not one of law, and a weak one of fact—is not at all conclusive, and, of itself, is not sufficient for a conviction.

APPEAL from *Lincoln* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*Cunningham,* for appellant.

*Henderson, Attorney General, contra.*

EAKIN, J. Appellant was indicted, tried, and convicted of stealing a " black and white spotted hog, marked with a split and overbit and underbit in each ear, of the value of five dollars, of the property of one William Culliford." The indictment was found on the twenty-first of April, 1879. Culliford testified that. some time during that year, appellant had desired witness to let him have charge of his

(witness') hogs, running in the range near Ike Johnson's. Witness told appellant that Johnson had the care of them, and that he (the witness) was satisfied with Johnson's management.

About two weeks after this, witness found one of his hogs in a pen, about forty feet from appellant's cabin, in which he was living with another party. The mark had been changed. Witness took his hog. Appellant was not there. He knew witness' hogs well, from seeing them often around his house. Witness did not know whether or not the mark, as changed, was the appellant's. The old mark was that of the witness, who knew the hog as his own, by that, and other, means. After appellant was indicted and arrested, he said he bought the hog from Ike Johnson, and claimed it for his own. The hog was worth $2.50.

Lord Nelson, who was along with Culliford when he found and took his hog, says that the mark had been freshly changed, and part of the old mark was visible. This, with the venue, was all the evidence.

Amongst other instructions given for appellant and the state which are unobjectionable, the court, against appellant's objection, charged the jury that, "possession of stolen property recently stolen is *prima facie* evidence of the guilt of the party in whose possession the property is so found, unless the possession is satisfactorily accounted for by the evidence. But before the presumption of guilt can arise it must appear that the property was recently stolen."

Appellant moved for a new trial on account of insufficiency of the evidence, and the instruction given as above stated. Also, on account of newly-discovered evidence. He made an affidavit, stating the names of three witnesses by whom he could prove that he bought the hog from Ike Johnson, stating that he "did not know of said testimony

Boykin vs. The State.

before, or at the trial, and a knowledge of the same could not have been acquired by reasonable diligence." Two of the witnesses named, made affidavit of the truth of the facts stated in such motion.

The motion was overruled, and the points saved by bill of exceptions.

The instruction given by the court is literally correct. Possession of property recently stolen, without reasonable explanation of that possession, is evidence of guilt to go to a jury for their consideration. In this sense, it is *prima facie* evidence, but not in the sense that it is such evidence as must compel the jury to a conviction, unless it be rebutted. It would have been better to have modified the instruction complained of, so as to impress upon the jury the idea that the evidence went to them for their consideration, under all the circumstances, to be weighed as tending to show guilt, but not imperatively imposing upon the jury the duty of conviction, unless rebutted. The defendant, however, asked no such explanation, and the instruction is not erroneous.

The motion for a new trial falls short of showing strict diligence in endeavoring to find out and procure the testimony of the witnesses. It does not explain why it was that the witnesses could know of the sale, and the defendant be ignorant of their knowledge. If they were present, he must have known they could prove his innocence, and he should have had them. If they knew of the sale by other means, the defendant should have shown it, to explain his own ignorance during the trial. If the court had been satisfied with the verdict in other respects, the motion for a new trial upon this ground might have been properly refused.

The evidence is very unsatisfactory, and could not have

brought to the minds of the jurors that moral assurance of guilt necessary to conviction, unless they had misunderstood the law, or acted from passion or prejudice, or without deliberation. It fails to show that the hog was ever taken from Culliford, or his agent, without the consent of one or the other; or when the hog was missed—whether on the first of January, 1879, or before, or after. There is no proof of recent stealing, and but very vague proof of any theft at all. The marking only was shown to be recent. When first notified of the accusation, after the indictment, the appellant said he bought the hog from Ike Johnson. Culliford had notified appellant that Johnson had the control and management of his hogs, and that he was satisfied with Johnson's management. The explanation was natural and reasonable. The state did not attempt, through Ike Johnson, or otherwise, to contradict it. How the jury arrived at an undoubting assurance of guilt, is difficult to conceive on any other supposition than those above suggested.

The rule established in this court with regard to interference with the verdicts of juries is a wholesome one. It is, that where a matter has been fairly presented to the jury, on proper competent evidence, and clear instructions, and the presiding judge has refused a new trial, it will not be granted here, unless there be something in the case to show that the verdict was influenced by passion or prejudice, or was rendered under a misconception of the law.

The jury obviously mistook the law as to the effect of possession. The presumption that the person in whose possession stolen property is found, is the thief, is not one of law, and a weak one of fact; it is not at all conclusive, and of itself is not sufficient for a conviction. *Wharton's Am. Crim. Law, Vol. 1, sec. 729.*

It would have been better to have granted a new trial on the motion. We can not say that the verdict was in accordance with the law and the evidence.

Reverse the judgment, and remand the case for a new trial.