JOHNSON *v.* STATE.

Crim. 3933

Opinion delivered May 13, 1935.

*Festus Gillam,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted and tried in the Greenwood District of Sebastian County for burglary and grand larceny committed on the night of December 20, 1934, and was convicted and adjudged to serve terms in the State penitentiary on each count, the sentences to run concurrently, from which is this appeal.

It appears from the record that on the night of December 20, 1934, the depot of the St. Louis-San Francisco Railway Company, a corporation, situated at Bonanza, Arkansas, was entered, and certain property of said company and of Frances Worthen, its agent, was stolen. A short time thereafter, some of the property was found near Williams, Oklahoma, in possession of persons to whom appellant had given it.

The first assignment of error for a reversal of the judgment is that the property was not sufficiently identified by the prosecuting witness, Frances Worthen. It is argued that she did not identify the articles belonging to her by any particular marks so as to distinguish them from other articles of like character. She testified positively that each article belonged to her, and that she left them in said depot when it was closed up, and that the depot was broken open that night and each article present in the court was stolen from her. This was sufficient identification. She recognized them as her property, and it was not necessary that she go further and identify each

article by any particular mark. *Estes* v. *State*, 180 Ark. 656, 22 S. W. (2d) 172.

The next assignment of error for a reversal of the judgment is that Frances Worthen did not testify as to the value of each article. She testified that the aggregate value of them all was more than $10, and this was sufficient to warrant the conviction for grand larceny so far as the value of the property was concerned. The depot was broken into, so the crime of burglary was completed, even though the value of the property did not exceed $10. *Barrett* v. *State*, 188 Ark. 510, 67 S. W. (2d) 202.

Appellant's next assignment of error for a reversal of the judgment is that the court erred in instructing the jury as follows:

"You are instructed that the possession of property recently stolen without reasonable explanation of that possession is evidence that goes to you for your consideration under all the circumstances of the case, to be weighed as tending to show the guilt of the one in whose hands such property is found; but such evidence alone does not imperatively impose upon you the duty of convicting, even though it be not rebutted."

A similar instruction to this one was approved in the case of *McDonald* v. *State*, 165 Ark. 411, 269 S. W. 961, and was a correct declaration of law applicable to the facts in the instant case.

Appellant's next assignment of error for a reversal of the judgment is that appellant was prejudiced by allowing the jury to separate after they had deliberated for several hours and to return and resume the consideration of the case after being separated about fifteen hours. It does not appear that the jury was subjected to any undue influence during the period of separation or that any of them were guilty of any misconduct. That appellant was prejudiced cannot be inferred from the fact that they stood five to seven when they separated, and that they returned a unanimous verdict of guilty in a short time after they resumed the consideration of the case.

Appellant's next and last assignment of error for a reversal of the judgment is that the verdict is contrary to the law and evidence. The law is that recent posses-

sion of stolen property, unexplained, is sufficient to warrant a jury in returning a verdict of guilty against one charged with burglary and larceny where a house had been broken into and property stolen. It is undisputed that the depot was broken into and the property taken, and that the property stolen was soon thereafter seen in the possession of appellant. It was not necessary, as argued, in order to convict him of burglary and larceny, to show that he committed the crime in person with a felonious intent or that he was present, aiding, and abetting another in the commission of the crime with such intent. All of these essentials may have been inferred from the fact that he was seen in possession of the stolen property a short time thereafter unless his possession thereof was sufficiently explained. It is true that appellant testified that he did not break into the depot and steal the property, explaining that early the next morning before daylight, he came upon a man in the road squatting down with a sack containing the stolen articles, who ran away upon his approach, leaving the sack in the road, which he then picked up and carried to the home of friends, to whom he gave the articles. The property that belonged to said company was never found. Appellant admitted that he mailed a package, but refused to state to whom he mailed it or what the package contained. The explanation he made was not accepted and believed by the jury, and they were warranted in disbelieving such an unreasonable explanation.

No error appearing, the judgment is affirmed.