DUTY *v.* STATE.

4485                                          208 S. W. 2d 162

Opinion delivered February 9, 1948.

*D. Leonard Lingo,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

SMITH, J. Appellant was tried under an information containing two counts, in one of which he was charged with burglary, and in the other with the crime of grand larceny. He was convicted on both counts and given a sentence of three years in one, and nine years in the other.

Errors assigned for the reversal of both convictions relate to questions of fact. It is first insisted that the testimony fails to show that the crime of burglary was committed. It does show that at some time during the night the jewelry store of one Rainwater in the City of Walnut Ridge was broken into, entrance having been effected through a window in the rear of the store. The glass of the window was broken and particles thereof were found at the base of the window, on one of which fingerprints were found. A large quantity of jewelry consisting of rings, watches, fountain pens, billfolds, and the like of a total value of over $500 were missing when the store was opened on the morning after it had been entered. This testimony abundantly sustains the finding that a burglar had entered and that the crime of burglary had been committed.

It is next insisted that the testimony is not sufficient to sustain the finding that appellant had committed this crime. Soon after the burglary had been committed the sheriff of the county learned that someone had offered for sale in the City of Marianna, a quantity of jewelry

similar to the kind which had been taken from the Rainwater store, and the sheriff and Rainwater went to Marianna to investigate. A local police officer in Marianna had been notified, and that officer had made an investigation which resulted in his recovering certain articles of jewelry and a billfold.

A young woman employed in a cafe in Marianna testified that appellant sold her a birthstone ring, and that he sold jewelry to other employees in the cafe. She identified appellant as the man who made the sales. Rainwater identified the rings as being similar to the rings he had in his store. A billfold was recovered, which Rainwater testified was similar to the billfolds which he carried in stock and he also identified some rings and some watch bands which were similar to those carried by him, all of which had been sold by appellant in Marianna.

Appellant was located in a Federal prison in Kansas and by extradition was returned to this state. He told the officers who returned him to this state that he had never been in Walnut Ridge. At his trial he admitted that he had been in Walnut Ridge at about the time the burglary had been committed, and that he bought a watch in the Rainwater store. A clerk in this store in charge of the jewelry department at the time of the burglary testified that he had never seen appellant in the store. Appellant admitted that he did go to Marianna with a quantity of jewelry for sale, but he testified that a nephew, Dillar Duty, gave him the jewelry to sell for one-half the proceeds of the sale. Dillar Duty denied having done so.

Without further recitation of the testimony it may be said that it was clearly shown that appellant was in possession of property recently stolen and the jury evidently did not accept appellant's explanation of his possession. This testimony alone would suffice to sustain the larceny charge. See *Mays* v. *State,* 163 Ark. 232, 259 S. W. 398, and cases there cited.

As to the burglary charge, the testimony showed that the piece of window glass on which the fingerprints

appeared were submitted to Capt. J. E. Scroggins, an officer of the State Police Department, whose duty it had been for many years to make investigation and identification of fingerprints. This officer was furnished the fingerprints of appellant while appellant was confined in the state penitentiary and he identified the prints on the glass as being identical with those taken at the penitentiary. It is argued that this testimony is valueless because of the improbability that Scroggins could carry in his mind the identity of the fingerprints during the years that had lapsed since the glass was submitted to him for investigation. The glass has now been lost. But Scroggins testified that his opinion when he first made the investigation was very positive as to identity, and that he had kept the glass in his possession for several years, during which time he had used it in his instruction to students.

If Scroggins is not mistaken in his identification there can be but little, if any, doubt that appellant broke and entered Rainwater's store. His testimony and the weight to be given it were of course questions for the jury, but apart from this testimony, we think the jury was warranted in finding that appellant was the man who had in fact broken into and had entered Rainwater's store and that the evidence is sufficient to sustain the conviction.

The judgment must therefore be affirmed and it is so ordered.