VAN RICHIE *v.* STATE OF ARKANSAS

5583                                   466 S. W. 2d 462

Opinion delivered May 10, 1971

*Louis W. Rosteck,* for appellant.

*Ray Thornton,* Attorney General; *Garner L. Taylor Jr.,* Asst. Atty Gen., for appellee.

FRANK HOLT, Justice. The trial court, sitting as a jury, found appellant guilty of burglary and imposed a two-year sentence in the State Penitentiary. On appeal, the appellant contends for reversal that the evidence is insufficient to establish that a burglary had occurred, or that he had committed the alleged burglary.

In accordance with our well-established rule, we must view the evidence on appeal in the light most favorable to the appellee and sustain the verdict when

there is any substantial evidence to support it. *Crow* v. *State*, 248 Ark. 1051, 455 S. W. 2d 89; *Reynolds* v. *State*, 211 Ark. 383, 200 S. W. 2d 806 (1947); *Sanders* v. *State*, 198 Ark. 880, 131 S. W. 2d 936 (1939).

On a Sunday afternoon at approximately 5 p.m., officer Gene Johnston received information on his car radio that Teeter's car lot had been burglarized by two individuals. It appears that the officer was cruising in this neighborhood. When he observed the appellant and a codefendant seven blocks from this car lot, he stopped them and conducted a "field search" which revealed that both men were in possession of various papers belonging to Teeter's. Thereupon the officer transported the two suspects to Teeter's where he was joined by two other police officers. There the Teeter papers, consisting of four separate items, were removed from the possession of both suspects, although Officer Johnston could not say which items were removed from appellant. Officer Johnston testified that he found a window broken out beside the door leading into the office and that a person could reach through the broken window and unlock this door. Officer Yow testified that appellant and his codefendant told him they had taken a set of "master keys"; then both suspects accompanied him to a lot behind a church building near Teeter's where, according to their directions, he found the keys in the grass. This officer, after being uncertain which suspect pointed out the location of the keys, finally testified there was no doubt in his mind that appellant showed him where the keys were. The State also adduced evidence from the manager of the car lot that on the date of the burglary he responded to a call from the police to come to the place of business and identify some keys and papers. As a witness he identified the four items of papers consisting of a car sales contract between Teeter's and a customer, related papers, and the customer's $2,295.00 check payable to Teeter's. He testified that they came from Teeter's and that he remembered this particular transaction with this customer since he had to get a new contract and check. He also testified that the "master keys" belonged to the car lot and were used in the operation of the business.

702

In *Johnson* v. *State,* 190 Ark. 979, 82 S. W. 2d 521 (1935), we said:

"* * * The law is that recent possession of stolen property, unexplained, is sufficient to warrant a jury in returning a verdict of guilty against one charged with burglary and larceny where a house had been broken into and property stolen."

In the case at bar, although evidence presented by the State to the effect that a burglary had occurred and that appellant had committed the alleged offense is circumstantial in nature, such evidence presents a question of fact to be determined by a jury. *Mathis* v. *State,* 249 Ark. 1088, 464 S. W. 2d 48; *Scott* v. *State,* 180 Ark. 408, 21 S. W. 2d 186 (1929).

The appellant denied complicity in the alleged offense. He testified that he was walking home about 9:30 p.m. (not 5 p.m.) when he happened to meet his codefendant and had accepted from him an invitation to walk to his house where car transportation would be available. He admits observing the officers remove the Teeter papers from the person of his codefendant. In questioning the sufficiency of the evidence, appellant also argues that Officers Johnston and Yow were uncertain which of the Teeter papers were removed from him; that Officer Yow equivocated in his testimony that appellant pointed out the location of the keys, even though he later testified there was no doubt in his mind that appellant pointed out to him the location where the keys were found. Also, that one of the papers showed Teeter's Little Rock address instead of the North Little Rock address where the alleged burglary occurred. Appellant asserts that this vague evidence, together with his denial of complicity and his explanation of being within seven blocks of the alleged burglary with his codefendant, whom he admits had possession of the Teeter papers, is insufficient to sustain his participation in the alleged burglary. In *Crow* v. *State, supra,* we said:

"* * * The weight to be given the conflicting testimony and all reasonable inferences to be drawn therefrom were questions for the jury to determine."

In the case at bar, when we view the evidence most favorably to the appellee, as we must do, we hold there was substantial evidence from which the trial court, sitting as a jury, could find that a burglary (breaking or entering with unlawful intent to commit larceny) had occurred and that appellant had participated in the alleged offense.

Affirmed.

Byrd, J., dissents.