LARRY EDWARD TAYLOR v. STATE OF ARKANSAS

CR 73-38                                                    495 S.W. 2d 532

Opinion delivered June 4, 1973

George Edward Thiel, for appellant.

*Jim Guy Tucker* Atty. Gen. by: *Charles A. Banks,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Larry Edward Taylor, appellant herein, was arrested at about 1:15 A.M. on November 23, 1972, at a cafe in Paragould for drinking in public. After the arrest, he was taken to the Paragould City Hall and given an alcohol breathalizer test which tested .11. This alcoholic content was not considered sufficient to justify a charge of public drunkenness, but, of course, drinking in public is an offense within itself. See Ark. Stat. Ann. § 48-943 (Repl. 1964), which provides that:

> "Any person who shall in any public place, or highway, or street, or in or upon any passenger coach, street car, or in or upon any vehicle commonly used for the transportation of passengers, or in or about any depot, platform waiting station or room, drink any intoxicating liquor *** shall be guilty of a misdemeanor***."

After the taking of the test, Taylor was requested to remove the contents of his pockets, and this revealed an unusual amount of change ($34.85) as well as $34.00 in bills. According to Assistant Chief of Police Jack Rogers, it was unusual for one to be carrying that much change. "I figured it was probably business for the CID boys so I sent for him." Rogers and another officer started with Taylor to the jail, but Taylor broke and ran, the officers pursuing. Finally, when Taylor fell, they caught him and took him back. The officer testified that before taking a prisoner to jail, personal belongings are taken, even including a belt, and an officer, running his thumbs around Taylor's waistline felt paper inside. Taylor was directed to undo the front of his pants and when he did, money, a check, and an IOU fell out to the floor. There was $231.00 in money, a $5.00 check, and a $5.00 IOU. The check was made out to K & M Auto Machine Company, and the IOU (subsequently developed) had been placed in the cash register by Jim Prewitt, an eleven-year employee of K & M Auto Machine Company, as notice that he had taken $5.00 in cash. Later in the day, Paragould police learned that there

had been a burglary and a theft of money from K & M Auto Machine Company. The next day, an Information was filed in the Greene County Circuit Court charging Taylor with burglary and grand larceny and on trial he was convicted on each count and sentenced to twenty-one years imprisonment in the Arkansas Department of Correction on each count, as an habitual criminal with four previous convictions. From the judgment entered in accordance with the jury verdict, appellant brings this appeal. For reversal, it is first urged that the trial court erred in failing to suppress the evidence taken from appellant by the Paragould police officers since it was obtained without a search warrant having first been properly issued; further, that the court erred in failing to direct a verdict of acquittal, and finally that the court erred when it failed to give appellant's requested Instruction No. 2. We proceed to discuss these points in the order listed.

As to the first point, we cannot agree with appellant's contention. The initial arrest was entirely proper, one of the officers testifying that he observed a partially filled half-pint (whiskey) on appellant's person, and that Taylor was carrying and drinking out of a Seven-Up bottle that very obviously contained something besides the soft drink.[1] As previously stated, this was a misdemeanor, the offense being observed by the officers. An officer can legally make an arrest for a misdemeanor when the offense is committed in his presence. *Johnson* v. *State*, 100 Ark. 139, 139 S.W. 1117.

The direction by the officers to Taylor to empty his pockets at City Hall preparatory to jailing appellant for the offense committed, as well as the request to open his pants after the bulk of paper was felt within his clothing, were entirely proper. The requirement is certainly a valid precaution since Taylor could have possessed some item dangerous to the officers, fellow prisoners, or himself. It will also be recalled that Taylor had tried to run away after removing the change and bills from his person, a rather suspicious circumstance.

---

[1] The officer identified whiskey by smelling the contents.

Nor can we agree that the court erred in failing to direct a verdict of acquittal. Evidence at the trial reflected that the K & M Auto Machine Company of Paragould had been burglarized on November 22, 1972; that $293.28 in cash, the $5.00 IOU previously mentioned, a check in the amount of $5.00 made payable to K & M Auto Machine Company, and other items had been taken. This testimony, together with the fact that Taylor had been in possession of the specific items mentioned, was sufficient to make a jury question. Taylor did not testify.

Finally, it is asserted that the court erred in not giving appellant's requested Instruction No. 2. This instruction related to the defense of drunkenness.[2] We agree with the trial court that the instruction was not justified under the evidence. No officer testified that Taylor was drunk or that his speech and coordination were impaired, nor did appellant, through any witness, offer any such defense.

Finding no reversible error, the judgment is affirmed.

It is so ordered.

---

[2]"You are instructed that a person is 'drunk' when he is so far under the influence of liquor that his passions are visibly excited or his judgment impaired, or when his brain is so far affected by potations of liquor that his intelligence, sense-perceptions, judgment, continuity of thought, or of ideas, speech, and coordination of volition with muscular action (or some of these facilities or processes) are impaired or not under normal control. That if you find that the Defendant did the acts alleged by the State of Arkansas, and if you find that the Defendant was so under the influence of liquors, then you will mitigate the punishment for his acts because of his drunkenness in accordance with the degree of drunkenness at the time."