EARNEST DEAN MURPHY v. STATE OF
ARKANSAS

CR 73-63                                        498 S.W. 2d 884

Opinion delivered September 17, 1973

*Harold L. Hall,* Public Defender, by: *Garner L. Taylor Jr.,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellant.

CONLEY BYRD, Justice. To reverse his conviction for first degree murder allegedly committed in the perpetration of a robbery, appellant Earnest Dean Murphy contends:

> "I. The trial court erred in permitting the State to introduce that portion of the defendant's statement which implicated him as a participant in another crime.
>
> II. The trial court erred in permitting the sons of the deceased to testify, and in failing to strike their testimony and admonish the jury to disregard it.
>
> III. The trial court erred in failing to direct a verdict for the defendant.
>
> IV. There is no substantial evidence to support the verdict."

The record shows that appellant and several other young people, while swimming at Horseshoe Lake in Pulaski County, met David Hardwick, the deceased, who had run out of gas in his pickup truck. One of the members of the swimming party took Hardwick to get some gas. Thereafter, Hardwick, appellant and a co-defendant returned to the lake where they drank some intoxicants. While there appellant admits that he struck Hardwick; that he took Hardwick's money, his billfold and truck; and that he threw Hardwick's body into the lake. After

taking the truck to Hughes, Arkansas, appellant and his co-defendant returned and disposed of the truck by running it into the Arkansas River. Thereafter they took a motorcycle and returned to Hughes where they were apprehended.

Testimony on behalf of the State showed that the decedent's body had a one by one half inch abrasion under the right eye and a blood alcohol content of 0.27% by volume. The Assistant State Medical Examiner stated that death was caused by drowning. When the body was found floating in the lake, the right front pocket in decedent's trousers was turned inside out and his wallet was missing. Decedent's pickup truck was later found in the Arkansas River.

POINT I. Appellant here contends that the trial court committed error in permitting the State to introduce that portion of his confession that implicated him in the crimes of grand larceny and the possession of stolen property.

The confession after stating the events that occurred at the lake, narrated how appellant and his co-defendant took the truck to Hughes and returned on a Tuesday and disposed of the truck to get rid of it. The confession then stated:

> ". . . Tuesday night we and looked for a motorcycle to leave on because it would be better on gas and Betty knew a guy that had one that he had stole and redid everything on it and we took it and went back to Hughes the same night. . . ."

Most authorities concede that the action of an accused in fleeing from the scene of a crime is a circumstance to be considered with other evidence in determining probable guilt, *Rowe* v. *State,* 224 Ark. 671, 275 S.W. 2d 887 (1955). In connection therewith evidence as to the conduct of the accused during the period of his flight including any criminal conduct constituting an inseparable part of the flight such as obtaining money or transportation is generally held admissible. See *State* v. *Ross,* 92 Ohio

App. 29, 108 N.E. 2d 77 (1952), and *State v. Martin,* 175 Kan. 373, 265 P. 2d 297 (1953). Furthermore, evidence of flight after the commission of a crime is generally admissible even though it does not occur immediately after the crime, *Commonwealth v. Liebowitz,* 143 Pa. Super. 75, 17 A. 2d 719 (1941). Neither does the fact that the evidence is cumulative prevent its admissibility, *Smith v. State,* 216 Ark. 1, 223 S.W. 2d 1011 (1949). Consequently we find this contention without merit.

POINT II. We find no merit in appellant's contention that the trial court failed to strike the testimony of decedent's sons.

One son testified: that he last saw his father on Saturday Sept. 9th; that his father had money on him at that time; that his father carried a wallet in his pocket and drove a 64 Chevy pickup truck; and that his father carried his money in his billfold and in his right front pocket. He also identified the body found floating in the lake as his father. The other testified that he last saw his father on Saturday. The court otherwise sustained all objections to the remainder of the testimony on the ground of incompetency or because of leading questions.

The annotator in 67 A.L.R. 2d 731 points out that under the general rule, evidence that the victim of a homicide was survived by a wife or children is irrelevant and inadmissible in a homicidal prosecution unless it is material to the determination of the guilt or innocence of the accused. The same annotator points out that mere receipt of such evidence does not in itself constitute reversible error.

The evidence elicited from the one son and attempted to be elicited from the other son with reference to where decedent carried his money was certainly material to the issue of whether a robbery had occurred under the circumstances. The State at that stage of the proceeding was obligated to corroborate the robbery admitted in appellant's extra-judicial confession. See Ark. Stat. Ann. § 43-2115 (Repl. 1964).

POINTS III & IV. Appellant here contends that the trial court should have directed a verdict and that the evidence is insufficient to support a felony murder conviction. In support of his arguments appellant relies upon *Bell* v. *State,* 177 Ark. 1034, 9 S.W. 2d 238 (1928), and *Williams* v. *State,* 239 Ark. 1109, 396 S.W. 2d 834 (1965).

In the *Bell* case there was no corroboration of an extra-judicial confession. The *Williams* case requires proof of the perpetration of the crime alleged in the felony murder prosecution.

Appellant here not only made an extra-judicial confession but testified in his own behalf. While on the witness stand he admitted that he was with decedent at the lake, that he hit the deceased, took his wallet, money and truck and then threw him into the lake. In addition the State proved: that appellant was seen with the decedent at the lake near the time of his death; that decedent's wallet, money and vehicle had been removed; and that the wallet and vehicle were found where appellant said they would be found. Furthermore, the Deputy State Medical Examiner, after noting an abrasion under the right eye, testified that decedent died from drowning.

When the evidence is viewed in the light most favorable to the jury verdict, we find substantial evidence to support the conviction. See *Reeves* v. *State,* 222 Ark. 77, 257 S.W. 2d 278 (1953).

Affirmed.