Charles E. BROWN *v.* STATE of Arkansas

CR 75-39                                    524 S.W. 2d 616

Opinion delivered June 30, 1975

*Harold Hall*, by: *John Achor*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Alston Jennings Jr.*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Upon charges of burglary and grand larceny the appellant, having waived a jury trial, was found guilty upon each count. There was also a finding of guilty under the habitual criminal statute, two previous convictions for burglary and two for grand larceny being shown. The trial judge imposed two 21-year sentences, to run concurrently. For reversal the public defender contends that the evidence, being circumstantial, is insufficient to support the finding of guilt.

On June 13, 1974, a Little Rock police officer, in response to a burglar alarm call, went to a building at 2800 Cumberland Street. There he found the appellant putting an

air conditioner (valued at about $460) into the trunk of his car. There was uncontradicted proof that the building had been broken into and that the air conditioner had been removed. The defendant testified that as he was driving in the neighborhood a stranger flagged him down and offered him $15 to help move the air conditioner, which was already at the curbing, to somewhere on 33rd Street. When the police officer arrived the stranger apparently saw him and "just vanished."

In questioning the sufficiency of the proof counsel rely upon the rule, frequently stated in instructions to the jury, that circumstantial evidence must be consistent with guilt and inconsistent with any other reasonable conclusion. That rule, however, as we pointed out in *Abbott v. State*, 256 Ark. 561, 508 S.W. 2d 733 (1974), is usually for the jury (or for the trial judge in a non-jury case), the test in this court being the requirement of substantial evidence. As we said in *Abbott:* "It is only when circumstantial evidence leaves the jury, in determining guilt, solely to speculation and conjecture that we hold it insufficient as a matter of law." Here the trial court did not have to resort to mere speculation to conclude that it was not likely that some unknown third person stole an object such as an air conditioner with no means of carrying it away except by flagging down a passing motorist, after dark.

Affirmed.