Johnny BOONE, Jr. *v.* STATE of Arkansas

CR 77-237                                          568 S.W. 2d 229

July 17, 1978
(In Banc)

170

*David F. Guthrie,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

## PER CURIAM

On June 21, 1976, a jury found appellant guilty of burglary, Ark. Stat. Ann. § 41-1001 (Repl. 1964), and grand larceny, Ark. Stat. Ann. § 41-3901 (Repl. 1964). Following the introduction of five (5) prior convictions by the State, the jury assessed appellant's punishment at thirty-one and one-half (31 1/2) years imprisonment for both the burglary and the grand larceny convictions. The trial court directed the sentences to be served consecutively, making a total of sixty-three (63) years, in the Arkansas Department of Correction. From these convictions comes this appeal.

Appellant's court-appointed counsel, who also represented appellant at trial, has filed a motion to withdraw as attorney of record, but in compliance with *Anders v. California,* 386 U.S. 738 (1967), has filed a brief stating there is no merit to the appeal. On May 8, 1978, appellant filed a pro se brief alleging several points of error. The State concurs with appellant's counsel that there is no merit to this appeal.

Appellant challenges the sufficiency of the evidence relating to both convictions. Evidence was adduced at trial that the prosecuting witness' mobile home was burglarized while he was away from home on the night of August 15, 1975. A gold pocket watch was the only item taken in the burglary. Later that night appellant, according to the testimony of a thirteen-year-old brother of a friend of appellant's, threw the pocket watch onto the parking lot of Church's Chicken in El Dorado. The next morning an

employee of Church's Chicken found the pocket watch, and the employee's manager took the watch to a jeweler to have it repaired. The police recovered the pocket watch from the employee, and the watch was identified by the prosecuting witness as the watch that was taken in the burglary. "Possession of property recently stolen from burglarized premises, not satisfactorily explained to a jury, is sufficient to support a verdict of guilt of both the burglary and the larceny, even though there is no other evidence to show that the possessor had committed the crimes with felonious intent, either in person or by being present aiding, abetting or assisting another." *Williams* v. *State,* 258 Ark. 207, 523 S.W. 2d 377 (1975). See also *Klimas* v. *State,* 259 Ark. 301, 534 S.W. 2d 202 (1976) and *Taylor* v. *State,* 254 Ark. 620, 495 S.W. 2d 532 (1973). We find the evidence sufficient to sustain the burglary conviction.

In reference to the sufficiency of the evidence for the grand larceny conviction, the prosecuting witness testified that he had received the pocket watch as a gift from a friend. The friend's children were so excited about the gift that they presented it to the prosecuting witness unwrapped with the price tag still attached to it. The price tag stated that the watch cost "a hundred and nineteen and some change." No other evidence of value was presented. Since there was no objection raised regarding the admissibility of this evidence at the time it was offered, it was sufficient to establish that the value of the watch was in excess of thirty-five dollars ($35.00), the requisite amount for a conviction of grand larceny, Ark. Stat. Ann. § 41-3907 (Repl. 1964).

Appellant also complains that he was denied his right to appeal and that his attorney did not adequately apprise him of his right to appeal; however, appellant was not denied his right to appeal as is evidenced by this opinion.

Accordingly, appellant's convictions for burglary and grand larceny are affirmed, and counsel's motion to withdraw as attorney of record is granted.

Affirmed.

HOWARD, J., dissents.

GEORGE HOWARD, JR., Justice, dissenting. The majority affirms appellant's conviction on the grand larceny charge on the theory that appellant's counsel did not register an explicit objection to hearsay testimony presented in order to establish the value of a watch that was taken from the victim's home. There is no direct testimony as to the actual value of the watch other than testimony about a tag attached to the watch bearing a figure which, of course, exceeds the sum of $35.00. Testimony was also given indicating that the watch was given to the victim as a gift from a relative.

It is clear from this record that defense counsel did register an objection of a general nature when the State offered the watch into evidence. At the close of the State's case, defense counsel once again registered an objection and did, to a degree, specify that he was concerned about the State's failure to establish value. The majority contends that the objection was untimely at this point.

Also, appellant's attorney moved for a directed verdict at the close of the State's case, in effect, challenging the sufficiency of the evidence to support his conviction. Thus, in my judgment, the issue of value could be considered at this point.

Moreover, it must be remembered that appellant received a sentence of thirty-one and one-half years on the burglary charge and thirty-one and one-half years on the grand larceny charge. These sentences are to run consecutively. It seems to me that in view of the long sentences received by the appellant in this case compassion alone dictates a finding by this Court, in the interest of justice, that the trial court committed reversible error in sustaining a term of thirty-one and one-half years that is based purely upon hearsay. Therefore, I would reverse the grand larceny conviction.