Kenneth TUCKER *v.* STATE of Arkansas

CA CR 81-64                                    622 S.W. 2d 202

Court of Appeals of Arkansas
Opinion delivered October 21, 1981

90

*William Lee Fergus,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant Kenneth Tucker was charged with first degree murder in causing the death of William D. McElhaney. Upon trial by jury appellant was convicted of second degree murder and sentenced to twenty years in prison. For reversal it is urged that the trial court erred (1) when it denied appellant's motion for a mistrial, (2) when it admitted into evidence three photographs of the deceased, (3) when it admitted into evidence the alleged murder weapon, a broad-head arrow, which had not been analyzed, and (4) when it denied appellant's motion for a directed verdict.

We find no prejudicial error and we affirm.

Appellant and deceased lived together in Chrisco's Apartments in Luxora, Arkansas, appellant being the paid companion of deceased. Deceased, a double amputee, was last seen at the apartment in the company of appellant on the morning of April 2, 1979, and was last seen alive at a tavern with appellant on the evening of April 2, 1979. Appellant was observed leaving the apartment at 4:30 a.m. on April 3, 1979 and the body of deceased was found underneath a blanket on the back porch of a vacant farmhouse near Lake City, in an adjoining county, on April 12, 1979. Medical testimony fixed the probable time of death as April 2 or April 3, and death was attributed to a blow to the head inflicted with a triangular-shaped instrument.

We find no prejudicial error in the refusal of the trial court to grant appellant's motion for a mistrial because of

the following question propounded by the State to the jury during voir dire:

> In other words, what I am saying — I'm not asking you to — you should consider perhaps someone else did it. That's proper for you to consider that, but in the long run and at the end of all your consideration and your discussions and applying your good common sense and reasonableness to the evidence, if you come to the final conclusion that it's a proper inference from all of the surrounding circumstances and facts, the tools, that he did it, could you so find?

Appellant objected to the question but made no request for action he wanted the court to take. The Court immediately instructed the jury on the definition of reasonable doubt and presumption of innocence. Examination of the jurors continued and after a jury was selected and sworn appellant moved for a mistrial on the basis of his previous objection. The basis for granting a mistrial and the standard of review concerning mistrials was stated by the Arkansas Supreme Court in *Chaviers* v. *State*, 267 Ark. 6, 588 S.W. 2d 434 (1979):

> We have many times said that declaring a mistrial is an extreme and drastic remedy which should be resorted to only when there has been an error so prejudicial that justice could not be served by continuing the trial. . . . The granting or denial of a motion for mistrial lies within the sound discretion of the trial judge and the exercise of that discretion should not be disturbed on appeal unless an abuse of that discretion is shown. . . .

The question addressed to the jury by the State could have been confusing to the jury, and was an improper definition of the State's burden of proof, but the court's cautionary instruction served to erase any prejudice appellant may have suffered. This is particularly true in view of the fact that appellant did not ask any more of the court. The final instructions given by the court are not made a part of this record, but the record does recite that instructions were

given by the court as agreed upon, approved and requested. The facts in this case do not reveal any basis for our saying the trial court abused its discretion in denying the motion for a new trial.

Appellant argues that the introduction of three photographs of the deceased's body into evidence constituted error in that their inflammatory nature outweighed their probative value. He also contends that the introduction of all three of the photographs was cumulative, and that one would have been enough. The determination of whether a photograph will be admitted is governed by whether its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Uniform Rules of Evidence, Rule 403. Under Rule 403, the weighing of the opposing factors lies within the sound judicial discretion of the trial court and its decision will not be reversed absent a clear abuse of that discretion. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W. 2d 342 (1979).

Whatever prejudicial effect the photographs may have had did not substantially outweigh their probative value, and the trial court did not abuse its discretion in admitting them. The first photograph was introduced to identify the deceased, and it also is the only picture which includes the deceased's face and the wounds he sustained. The second photograph depicts the body of deceased as it was first found and the third photograph shows the body of deceased and the back porch of the house where it was found. The second and third photographs were similar, but the third showed the wider area where the body was found. Neither the second nor the third photograph was cumulative because each served the purpose of making the testimony of the witnesses more understandable, and each corroborated the testimony of the witnesses.

It has been held that the ghastly character alone of a photograph does not necessarily justify excluding it. *Divanovich* v. *State*, 271 Ark. 104, 607 S.W. 2d 383 (1980). In this case, none of the pictures were particularly gruesome,

and they were no more inflammatory than was the verbal description of the body given by witnesses. Of course, it is likely that evidence offered by the State will be prejudicial to the accused, or it probably would not be offered. *Beed* v. *State,* 271 Ark. 526, 609 S.W. 2d 898 (1980). We agree with the trial court that the danger of unfair prejudice in admitting the photographs did not substantially outweigh their probative value.

A steel broad-head hunting arrow which was found in deceased's apartment was described by the State Medical Examiner as being compatible with a tool which could have caused the fatal wound sustained by the deceased. The doctor detected a brownish substance on the broad-head arrow but could not determine its nature without scientifically analyzing it. Because of an oversight in the sheriff's office the arrow had not been sent to a lab for analysis. Appellant's position is that the admission of the arrow into evidence without laboratory analysis was prejudicial.

We agree with appellant that the substance on the arrow head should have been analyzed, but we do not find that the failure to send it to a laboratory constitutes prejudicial error under the circumstances of this case. The arrow was shown to be the property of deceased, found in the apartment of appellant and deceased, and it was described by the Medical Examiner as being *compatible with the instrument* inflicting the fatal injury. Appellant concedes that the failure to have the arrow analyzed was due to an oversight, and there is no indication that the police deliberately caused the failure. The trial court had previously suppressed items found in the apartment as being illegally seized, but that ruling was reversed on appeal to the Arkansas Supreme Court. A deputy sheriff testified that the arrow had been packaged for delivery to the state laboratory, but that at the time the suppression ruling was rendered by the trial court the arrow was sealed, placed in the evidence locker, and later overlooked. At trial, the State requested a forty-eight hour continuance for the purpose of having the substance analyzed, but that request was resisted by appellant. The trial judge observed that " . . . the arrow has been shown to the jury ten times before any objection was ever made to it. . . . "

The trial court exercised its discretion under Rule 403, *supra,* finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. There was no clear abuse of that discretion by the trial court under the circumstances.

Appellant contends that there was insufficient evidence to support the jury's finding of guilt of second degree murder, and that his motion for a directed verdict should have been granted. Ark. Stat. Ann. § 41-1503 (Repl. 1977) defines second degree murder as follows:

(1) A person commits murder in the second degree if:

(a) With the purpose of causing the death of another person, he causes the death of any person; or

(b) He knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life; or

(c) With the purpose of causing serious physical injury to another person, he causes the death of any person.

In *Cassell* v. *State,* 273 Ark. 59, 616 S.W. 2d 485 (1981), the Arkansas Supreme Court stated:

Cassell's principal argument is that the State's proof, necessarily circumstantial for want of an eyewitness, was insufficient to support a verdict of guilty. Before narrating the testimony we again emphasize, as we have often done, that although the jury should be instructed, as it was here, that circumstantial evidence must be consistent with the guilt of the defendant and inconsistent with any other reasonable conclusion, AMCI 106, that is not the standard by which we review the evidence. Our responsibility is to determine whether the verdict is supported by substantial evidence, which means whether the jury could have reached its conclusion without having to resort to speculation or conjecture. *Brown* v. *State,* 258 Ark. 360, 524 S.W. 2d 616 (1975); *Abbott* v. *State,* 256 Ark. 558, 508 S.W. 2d 733 (1974). The jury must be convinced of the accused's

guilt beyond a reasonable doubt, but we, not having had the advantage of seeing and hearing the witnesses, are guided by the substantial evidence rule. *Graves & Parham* v. *State,* 236 Ark. 936, 370 S.W. 2d 806 (1963).

A directed verdict of acquittal is proper only when no fact issue exists and the Court will review the evidence on appeal in the light most favorable to the appellee and affirm if there is any substantial evidence. *Lewis* v. *State,* 267 Ark. 933, 591 S.W. 2d 687 (Ark. App. 1980). Based upon this standard of review a directed verdict was properly denied in the present case.

The evidence indicates that appellant lived with deceased and that appellant was seen leaving the apartment after the deceased was last seen alive; that appellant was in the vicinity of the place where deceased's body was found in early April; that appellant sold deceased's car and that the special driving controls used by deceased were in the car when sold; and that appellant bought a bus ticket to Tucson, Arizona, two days before deceased's body was found. Appellant testified that he had a total loss of memory from mid-March until April 3, and that when he realized this he voluntarily entered the state mental hospital, leaving the hospital on April 10. The State Medical Examiner found undigested oranges in the stomach of deceased, and told the police that when they found the place where deceased had eaten oranges prior to death they would probably find the place of his death. The Examiner explained that oranges are digested quickly, within less than an hour. Orange peels were found in a wastebasket in the deceased's apartment, in addition to what appeared to be blood-stained blankets and bed linen.

It is the function of the jury to weigh the evidence and judge the credibility of the witnesses, and the jury finding of guilt will be upheld if there is any substantial evidence to support it. *Barnes* v. *State,* 258 Ark. 565, 528 S.W. 2d 370 (1975); *Milburn* v. *State,* 262 Ark. 267, 555 S.W. 2d 946 (1977).

The evidence in this case, although circumstantial,

justified a finding of guilt and excluded every other reasonable hypothesis consistent with innocence.

The judgment is affirmed.