John Andrew WARD *v.* STATE of Arkansas

CR 83-82                                    658 S.W.2d 379

Supreme Court of Arkansas
Opinion delivered October 10, 1983

*Ken Cook,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant's conviction for burglary and theft of property was affirmed by the Court of Appeals [8 Ark. App. 209 (1983)] by a vote of three to three. resulting in our granting appellant's petition for review pursuant to our Rule 29 (6)(c).

The Wonder Junior High School in West Memphis was burglarized sometime after 5:00 p.m. on Friday, February 5, 1982, when the school was locked for the weekend, and Monday morning. Musical instruments and shop tools, exceeding $2,500.00 in value, were stolen. Appellant, John

Ward, was convicted of the burglary and theft of property and, having five felony convictions, received a lengthy prison sentence. On appeal, the only issue is whether a motion for a directed verdict for lack of evidence should have been granted. We affirm the Court of Appeals.

On the same morning the crime was discovered, Ward attempted to sell three of the stolen instruments at a Memphis pawn shop. A Memphis police officer, assigned to the pawn shop detail, was called to question Ward, who claimed to have been part of a musical group which had recently disbanded and the instruments were no longer needed. Pressed for evidence of ownership, Ward went to his car for identification but, instead of returning, he left the instruments and hurried away in the wrong direction on a one-way street. The Memphis police gave the West Memphis police a description of appellant's car and license number, which led eventually to his arrest. The tags had been removed from the automobile.

Ward at first denied having been in Memphis on February 8, claiming to have been at work. But employment records showed that he called in sick on February 8 and 9. His explanation for being in possession of stolen goods was that a fellow worker had found the instruments about fifteen minutes before quitting time at 3:53 p.m. on Friday, February 5, and Ward had volunteered to sell them for him. The worker had since died and was unavailable to the defense.

As early as 1879 we expressed the rule, already followed elsewhere, in cases of burglary, larceny and possession of stolen property that possession of recently stolen property is *prima facie* evidence of the guilt of the party in whose possession the property is found, unless satisfactorily accounted for by the evidence. *Boykin* v. *State*, 34 Ark. 443. Nor is the rule limited to larceny and possession. In *Gunter* v. *State*, 79 Ark. 432 (1906), we declined to draw a distinction between larceny and burglary, and explained the rule:

> Such evidence raises no presumption of law as to the guilt of the accused, but only warrants an inference of

fact, of more or less weight according to the particular circumstances of each case, which the jury may draw therefrom as to his guilt. It makes a question for the jury, and is sufficient to warrant conviction where it induces in the minds of the jury a belief, beyond a reasonable doubt, of the guilt of the accused.

Other cases applying the rule are: *Williams* v. *State,* 258 Ark. 207, 523 S.W.2d 377 (1975); *Taylor* v. *State,* 254 Ark. 620, 495 S.W.2d 532 (1973); *Richie* v. *State,* 250 Ark. 700, 466 S.W.2d 462 (1971); *Duty* v. *State,* 212 Ark. 890, 208 S.W.2d 162 (1948); *Chapman* v. *State,* 201 Ark. 91, 143 S.W.2d 575 .(1940); *Fletcher* v. *State,* 198 Ark. 376, 128 S.W.2d 997 (1939); *Morris* v. *State,* 197 Ark. 778, 126 S.W.2d 93 (1939); *Trammel* v. *State,* 193 Ark. 21, 97 S.W.2d 902 (1936); *Johnson* v. *State,* 190 Ark. 979, 82 S.W.2d 521 (1935).

Here, Ward was found to be in possession on Monday morning of property stolen during the weekend, but we need not depend on that alone. His explanation to the jury that the stolen goods were found by a fellow worker, who entrusted them to Ward to sell was not only implausible, it was demonstrably false, as the state's proof was the goods were still at the school at closing time, an hour after Ward claimed they were found. Moreover, he admittedly lied, first to the Memphis officer as to how he came by the property and again when he told the West Memphis police he had not gone to Memphis that morning. Particularly significant is the fact that he took to his heels when the Memphis officer sought to obtain some identification from him, [See *Murphy* v. *State,* 255 Ark. 90, 498 S.W.2d 884 (1973)], and his admission that before taking the goods to the pawn shop he made an anonymous call to the police to see if there had been any report of stolen goods affecting the instruments.

When the prosecution is based on circumstantial evidence the jury should be informed, as it was here, that circumstantial evidence must be consistent with the guilt of the defendant and inconsistent with any other reasonable conclusion, AMCI 106. But on appeal, our responsibility is simply to determine that the verdict is based on substantial evidence. *Cassell* v. *State,* 273 Ark. 59, 616 S.W.2d 485 (1981);

*Brown* v. *State*, 258 Ark. 360, 524 S.W.2d 616 (1975). We find the evidence supporting the convictions to be substantial.

The judgment on the sentences is affirmed.

HICKMAN and PURTLE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. There is no doubt that the state proved that John Andrew Ward was in possession of recently stolen property and could be convicted for possession of stolen property. The state was also able to demonstrate that Ward probably lied in his testimony. But the state did not prove that Ward was a burglar. I seriously doubt whether a legal inference can be drawn which would support a conviction for burglary based on the simple fact that one is in possesson of recently stolen property. It is a requirement of the due process clause of the United States Constitution that the state prove each material element of an offense beyond a reasonable doubt. *Patterson* v. *New York*, 432 U.S. 197 (1977). Every conviction must be based upon substantial evidence. In the case of *Jackson* v. *Virginia*, 443 U.S. 307 (1979), the Court said: "Under our system of criminal justice even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar."

With all due respect to the majority it is my judgment that the evidence does not meet those standards in this case. Therefore, I dissent.

JOHN I. PURTLE, Justice, dissenting. In dissenting I concede the majority opinion follows our precedent. However, it is my opinion that our case law is wrong. This opinion will no doubt encourage overcharging by the state as was suggested in the dissent from the Arkansas Court of Appeals. The appellant in the case before us was charged with three counts of burglary and three counts of theft of property. Why would the state charge a man with three burglaries growing out of one incident unless it is to sway the trier of fact to find him guilty of a single burglary? In this case perhaps thirty people could be convicted of burglary because anyone in possession of any one of the stolen items

could be found guilty of the crime of burglary even though they may have never set foot in Arkansas.

It seems to me that the appellant could have, with clear conscience, been charged as an habitual offender and with the felony of theft by receiving. There is not a single shred of evidence anywhere in the record to connect the appellant with a burglary, other than him being in possession of three of the thirty items stolen in a recently executed burglary. His possession was in another city in another sate. Admittedly he lied about how he obtained the articles but that is as much in line with trying to avoid being charged with possession of stolen property as it is with burglary. He could have received a stiff sentence (up to 40 years) under a charge of theft by receiving and being an habitual offender.

To be guilty of burglary under Ark. Stat. Ann. § 41-2002 (Repl. 1977) one must have been found to have been physically upon the burglarized property with the intent to commit an offense punishable by imprisonment. The only manner by which this appellant could have been found guilty of burglary of the Wonder School instruments was by conjecture and speculation. On the other hand, the evidence would clearly support a conviction of theft by receiving. The majority opinion is void of any evidence supporting the conviction for burglary because it would have to be inserted from outside the record.

The presumption indulged in by the majority shifts the burden of proof from the state to the accused in violation of the state and federal constitutions as well as statutory law. Merely because we have previously been wrong does not make it right for us to continue to be wrong.

The Supreme Court of Louisiana was caught in the same dilemma this court is in today but the Louisiana court, unlike this court, faced the issue and overruled its prior case law. *State* v. *Searle,* 339 So.2d 1194 (La. 1976). I find the *Searle* case very persuasive. A judicial presumption simply cannot stand muster against a constitutional right. The appellant had a right to have the state prove every element of the crime of burglary. The state did not meet its burden

according to the record. The appellant now stands convicted not by evidence, either direct or circumstantial, but by inference or presumption. Under this theory of the law a person unknowingly walking past the body of a murdered policeman could be convicted of capital murder. I must insist that the state prove every element of an offense beyond a reasonable doubt before I vote to affirm a sentence confining an individual to imprisonment.