Willie John JACOBS *v.* STATE of Arkansas

CR 85-134                                       699 S.W.2d 400

Supreme Court of Arkansas
Opinion delivered November 25, 1985

William R. Simpson, Public Defender, *Thomas J. O'Hern*, Deputy Public Defender, by: *Jerry Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Charles R. Lucus*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Willie John Jacobs was convicted of three counts of breaking and entering and three counts of misdemeanor theft of property. He was sentenced to 12 years imprisonment on each count of breaking and entering to run consecutively and one year in jail on each theft conviction to run concurrently. He only appeals from one conviction for breaking and entering. We affirm, finding substantial evidence to support that conviction.

On August 1, 1984, a security guard, employed by J. C. Penney at the McCain Mall, noticed two youths standing near an Oldsmobile Cutlass on the parking lot and another youth sitting in the back seat. As the security guard continued his patrol, he kept the youths under surveillance, and they also watched him. When the guard was returning to the store in the direction of the Cutlass, one of the youths headed toward the store and was quickly followed by a second. The guard approached the car and noticed a window broken out. He detained the third youth and called the police. The police arrested the other youths in the mall after obtaining a description from the security guard. The security guard identified John Cummins and Roy Bush as the two youths who were standing by the car, and the appellant, Willie John Jacobs, as the one who was sitting in the car.

Upon investigation, the police found the Cutlass was broken into by someone throwing a steel roller bearing through the passenger side window. A radio, power booster, equalizer, and parts of the dash were missing. A second car nearby was discovered to have been broken into by the same method with an equalizer and three speakers being stolen from it. Jacobs con-

sented to a search of his car which was on the parking lot. A roller bearing was found on the floorboard on the driver's side of his vehicle. The property stolen from the two cars was in the trunk along with an umbrella and a pair of golf shoes. These last items were identified as being stolen from a truck on the same parking lot a week earlier on July 24, 1984. The truck was broken into by the same method used on the other vehicles. Roller bearings were found in and around the violated cars and truck.

Jacobs appeals from the conviction for the July 24 charge, arguing there is insufficient evidence to prove he broke into and entered the truck, although he concedes he was in possession of the property which was stolen from the truck. After reviewing the evidence, four facts emerge which connect Jacobs to the July 24 breaking and entering: 1) Jacobs was in possession of the property stolen from the truck; 2) Bush testified that Jacobs broke into one of the cars on August 1; 3) Jacobs was seen in that car; and 4) the same *modus operandi* was used in all three crimes.

Considering first Jacobs' possession of the stolen property, we have consistently held that possession of recently stolen property is *prima facie* evidence of guilt of burglary, larceny and possession of stolen property. *Ward* v. *State*, 280 Ark. 353, 658 S.W.2d 379 (1983); *Williams* v. *State*, 258 Ark. 207, 523 S.W. 2d 377 (1975). This presumption arises even when there is no direct evidence of breaking or entering by the defendant.

Second, Roy Bush, age 13, an accomplice on August 1, testified at trial that he broke into both cars that day, but later he changed his testimony to state that Jacobs broke into the Cutlass by throwing the roller bearing through the window. The jury was free to believe either story.

Third, Jacobs was seen by the security guard sitting in the back seat of the Cutlass. Therefore, there is evidence that Jacobs committed the breaking and entering of that vehicle.

Finally, the similarity of the method used to enter the vehicles is remarkable and the vehicles were all on the parking lot at McCain Mall. We have consistently held that evidence of the commission of other similar crimes or acts by a defendant at about the same time is admissible to show that the defendant committed the crime charged. *Tarkington* v. *State*, 250 Ark. 972,

469 S.W.2d 93 (1971).

Affirmed.

PURTLE, J., not participating.