989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willie John JACOBS, Appellant,
v.
A.L. LOCKHART, Arkansas Department of Correction, Appellee.
 No. 92-3088.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 26, 1993.
Filed: March 4, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie John Jacobs, an Arkansas prisoner, appeals from the district court's[1] dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.
 
 
 2
 Although the trial court initially granted Jacobs's motion for a directed verdict on Count I (breaking and entering) on the basis of insufficient evidence, it reconsidered and reversed its ruling before instructing the jury. The jury convicted Jacobs of three counts of breaking and entering, and three counts of theft of property. On direct appeal, Jacobs asserted that there was insufficient evidence to support his conviction on Count I. In the conclusion of his brief, Jacobs requested that, upon reversal of his conviction, the charge be dismissed because "the [D]ouble [J]eopardy [C]lause ... precludes retrial after a finding of insufficiency of the evidence." The Arkansas Supreme Court affirmed, concluding there was "substantial evidence" to support Jacobs's conviction on Count I. Jacobs v. State, 699 S.W.2d 400 (Ark. 1985). Jacobs did not seek state postconviction relief.
 
 
 3
 In his section 2254 pro se petition, Jacobs asserted that his conviction on Count I violated the Double Jeopardy Clause because jeopardy attached when the trial court initially granted the directed verdict. The State argued that Jacobs was barred from raising this double jeopardy claim because he had not previously raised it, and he had not shown cause and prejudice to excuse his default. The district court denied Jacobs's petition. This timely appeal followed.
 
 
 4
 We conclude, contrary to Jacobs's argument, that he did not raise his double jeopardy claim on direct appeal, and thus, that the Arkansas Supreme Court did not overlook it. Jacobs's procedural default in failing to raise this claim in state court bars federal habeas review because he has not asserted cause and prejudice to excuse his default, and the refusal to consider his claim would not result in a fundamental miscarriage of justice. See Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). Jacobs has produced no evidence that would tend to prove his actual innocence of Count I. See Shaw v. Delo, 971 F.2d 181, 185 (8th Cir. 1992) (miscarriage-of-justice exception "applies when a petitioner is actually innocent of the crime of conviction or the penalty imposed"), petition for cert. filed, U.S.L.W. (U.S. Nov. 24, 1992) (No. 92-6774). His contention that the trial court erred in denying his motion for a directed verdict does not establish that on retrial he would probably be acquitted. See Henderson v.
 
 
 5
 Sargent, 926 F.2d 706, 713 (8th Cir. 1991), cert. denied, 112 S. Ct. 915 (1992).
 
 
 6
 Accordingly, we affirm.
 
 
 7
 A true copy.
 
 Attest:
 
 8
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas